22921. BEDINGFIELD et al. v. ADAMS, Ordinary, et al.

ARGUED APRIL 12, 1965—DECIDED MAY 19, 1965—
REHEARING DENIED MAY 31, 1965.

*Jones & Douglas, Paul J. Jones, Jr., N. G. Reeves, Jr., Bloch, Hall, Groover & Hawkins, Denmark Groover, Jr.,* for plaintiffs in error.

*William Malcolm Towson, King & Spalding, Pope B. McIntire, Robert L. Steed, Eugene Cook, Attorney General, Paul Rodgers, Assistant Attorney General,* contra.

MOBLEY, Justice. Plaintiffs in error alleging themselves to be residents, citizens, and taxpayers of Laurens County, Ga., brought their petition as amended, against the Ordinary of Laurens County and the Secretary of State of Georgia praying for issue of the writ of mandamus requiring them to do certain things hereafter stated.

In brief the petition alleges that the General Assembly (Ga. L. 1964, pp. 903-906) adopted a resolution proposing an amend-

ment to the Constitution of Georgia so as to create the Dublin-Laurens School System by merging the Independent School System of the City of Dublin and the County School System of Laurens County, and providing for submission of that amendment for ratification or rejection of the voters of the two systems; that the amendment was not general and, under the 1945 Constitution, Art. XIII, Sec. I, Par. I (*Code Ann.* § 2-8101; Ga. L. 1956, p. 637), it was required to be submitted to the voters of the political subdivision or subdivisions affected, which were the Dublin School District, which composed a portion of the Dublin Election District, and the Laurens County School System, which included all of the county not in the Dublin School District; that at the November 3, 1964, election the ordinary caused the proposed amendment to be placed on the ballot and the issue was voted upon, but not separately by the Dublin School System and the Laurens School System, in that the ordinary did not confine the voting of the Dublin School System to the area embraced therein but included all of that area in the Dublin Election District which included several hundred votes outside the Dublin School System, which votes should have been included in the Laurens County School System vote; and further, all absentee ballots, which numbered several hundred, were counted in the Dublin School System, whereas the law requires that they be counted in the militia district in which the voter lives.

The ordinary canvassed the returns and reported to the Secretary of State the vote, showing that both political subdivisions affected had voted for ratification, which result was certified to the Governor, who in turn issued his proclamation declaring the amendment ratified. Further, it is alleged that it is impossible to tell how many votes were cast for ratification in each system, as the votes were commingled and the ordinary is now unable to certify the result of the voting in the political subdivisions affected; that the ordinary certified to the Secretary of State the vote cast in the Dublin Election District and not that cast in the Dublin School System, the political subdivision affected, and certified the vote cast outside the Dublin Election District, which did not include all of the vote of the Laurens County School System.

The prayers were that the ordinary be required to amend and correct his return to the Secretary of State to show that all absentee ballots cast were counted and returned in the vote of the Dublin Election District and not in each militia district as required by law; to show that the ballots of the two systems were so intermingled that it is impossible to determine whether the amendment was ratified by the voters of the Dublin School System; and to show further that the amendment was not submitted directly and separately to the voters of the Dublin School System or to the Laurens County School System; and to show that it is impossible to determine whether either school district ratified the amendment. As to the Secretary of State the prayers were: that he be required to examine the returns and report made to him by the ordinary and correctly certify to the Governor the result of the election, and that he also certify a correct ascertainment of the result of the election, showing that the amendment was not submitted directly and separately to the voters of the Dublin School System or to the Laurens County School System.

To the judgment of the trial court sustaining the general demurrer to the petition, the plaintiffs in error except.

1. The prayers of the petition as to the ordinary and the Secretary of State are fully set out in the statement of the case. The question is whether mandamus will lie to require the ordinary and the Secretary of State to perform these specific acts. The right to mandamus exists only when the applicant has a clear legal right to the relief sought and there is no other adequate remedy. *Code* § 64-101; *State Hwy. Dept. v. Reed,* 211 Ga. 197 (3) (84 SE2d 561) and cases cited. The law must not only authorize the act to be done, but must require its performance, *Wood v. Puritan Chemical Co.,* 178 Ga. 229 (6) (172 SE 557), and "it must appear that he [petitioner] has a clear legal right to have performed the particular act which he seeks to have enforced." *City of College Park v. Hamilton,* 220 Ga. 629, 631 (140 SE2d 878) and cases cited. Further, not only must plaintiff show a clear legal right to the relief sought to authorize grant of mandamus absolute, but it must also appear that the relief will be effective. *Troutman v. Aiken,* 213 Ga. 55, 56 (96 SE2d 585). "Mandamus will not be granted when it is manifest

that the writ would, for any cause, be nugatory or fruitless. . . ." *Code* § 64-106.

We are of the opinion that this petition fails to state a cause of action for mandamus for the reason that no clear legal right to the relief prayed for is shown. The election in which this amendment was submitted to the voters for ratification or rejection was the general election held on November 3, 1964, which was governed by the provisions of the Georgia Election Code. See Ga. L. 1964, Ex. Sess., pp. 26-220 (*Code Ann.* §§ 34-101— 34-2005.) The ordinary was required by § 34-401 (d) to select and equip the polling places, (f) to appoint the poll officers to serve in the election, (h) to instruct them as to their duties, to receive from them the returns of all elections, and to canvass and compute the same, and (i) to certify as soon as practicable following the election the results thereof to the proper authority, the Secretary of State here, and (j) to publicly announce by posting in his office the results of the election. *Code Ann.* § 34-1509 (Ga. L. 1964, Ex. Sess., pp. 26, 173) requires the ordinary to certify immediately after the election the results of the vote on the amendment.

The petition does not seek to require performance by the ordinary of those duties required of him by the law. Instead it concedes that the election was held and that the results thereof were reported to the Secretary of State and there is no contention that it was not done promptly as required. What is sought is to require the ordinary to now report that the election was not held and the results not canvassed and computed as was required by law. The law requires no such action on his part nor does it authorize it. He has performed within the time required. He is under no duty to perform again nor is he authorized to do so in response to a petition filed some two months after the election.

The simple fact is that the law does not require of the ordinary the performance of the acts prayed for in this petition, and thus mandamus will not lie to require him to do them.

There is no prayer in the petition seeking to enjoin the consolidation of the two school districts, or to prevent any action under the amendment, or to declare the amendment null and void because it has not been legally ratified. Thus these questions are not before us in this case. As we construe the petition,

the prayers for performance by the Secretary of State were predicated upon the ordinary being required to perform as prayed. Since the ordinary is not required to certify new and different results of the election, there is no basis for further action by the Secretary of State. Thus no cause of action is set out against the Secretary of State.

*Judgment affirmed. All the Justices concur.*