72665. REYNOLDS v. BOARD OF COMMISSIONERS OF
PAULDING COUNTY.
(349 SE2d 536)

Pope, Judge.

Appellant brought this action against the Board of Commissioners of Paulding County seeking a declaration that the county's zoning resolution was invalid as not having been properly adopted. In particular, appellant contended that although the resolution provided that the boundaries of the zoning districts were established as shown on a zoning map which was declared to be a part of the resolution, said map was not recorded with the resolution in the minute book of the county. Following a hearing the trial court entered judgment in favor of the board.

The issue here is whether the county zoning map was properly incorporated by reference in the enactment of the zoning resolution. In the absence of a statutory provision to the contrary, adoption of documents by reference is valid where the document adopted is sufficiently identified and is made a part of public record. Friedman v. Goodman, 219 Ga. 152, 159 (132 SE2d 60) (1963). See generally OCGA § 36-13-3. "The tests to be fulfilled to effectively accomplish 'adoption of documents . . . by incorporation by reference' . . . are these: (1) The document must be sufficiently identified 'so that there is no uncertainty as to what was adopted.' (2) The document must be made a public record. (3) It must be 'accessible to members of the public who are, or may be, affected by it.' (4) The adopting [resolution] must give notice of this accessibility. Friedman, p. 160." City Council of Augusta v. Irvin, 109 Ga. App. 598, 601 (137 SE2d 82) (1964).

The trial court made the following findings of fact: "The Paulding County Zoning [Resolution] and zoning map are valid and were properly adopted on September 2, 1969. At the time of said adoption, there was an official zoning map in existence, which was considered by the Paulding County Commissioner when he adopted the ordinance and map. There was an official zoning map in existence at the time that the events surrounding [appellant's] application for rezoning arose and was acted upon by the County. Said map was located in the

Paulding County Permit Office, an office of the Paulding County Board of Commissioners." The record evidence supports these findings, and the findings in turn meet the tests of *City Council of Augusta v. Irvin,* supra. Therefore, the trial court properly denied appellant's petition for declaratory judgment, in essence ruling in favor of the validity of the Paulding County Zoning Resolution. Compare *Hulsey v. Smith,* 224 Ga. 783 (164 SE2d 782) (1968), and *City of Waycross v. Boatright,* 104 Ga. App. 685 (2) (122 SE2d 475) (1961), wherein the zoning map referred to in the zoning regulation/ordinance was not recorded in the minutes nor in the resolution/ordinance file of the county or city, respectively.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED OCTOBER 10, 1986.

*Bobby L. Giddens,* for appellant.
*Carol S. Osborne,* for appellee.