S97A0643, S97A0726. LONG et al. v. FSL CORPORATION
(two cases).
(490 SE2d 102)

BENHAM, Chief Justice.

In the process of seeking a permit from the State of Georgia to build a landfill in Forsyth County, FSL Corporation (FSL) was informed by the Department of Natural Resources (DNR) that, pursuant to OCGA § 12-8-25, the permit was contingent on getting approval from Dawson County because part of the landfill would be within half a mile of the Dawson County line. DNR also put a dead-

line of three months on the completion of the application for the permit. FSL sought Dawson County's approval from the sole county commissioner, Long, and at the next county commission meeting, Long referred the matter to the Dawson County Planning Commission. Less than two weeks later, FSL filed an action for a writ of mandamus requiring Dawson County to give its approval. Following a hearing, the trial court gave FSL the relief it sought. Appellees Long and Dawson County filed a notice of appeal which led to the docketing of Case No. S97A0643, and a discretionary appeal application, which was granted and led to the docketing of Case No. S97A0726.

1. We consider first the question of how this appeal should have reached this Court. If this were a zoning case, which is essentially how the trial court treated it, the discretionary application route would have been correct. *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989). However, this case does not involve a county or a municipality enacting zoning ordinances to control use of land within that county or municipality, but instead a statutory scheme requiring a permit from the State for a land use which is regulated by the State. As a part of that scheme, OCGA § 12-8-25 gives every county and municipality the power to withhold permission for the construction of a landfill in another jurisdiction but within half a mile of the first jurisdiction's border.[1] This case, therefore, involves not zoning, but a county's decision as a matter of its legislative policy to retain or waive a right given it by the legislature. Since this is not a zoning case, it is to be considered an appeal from the grant of a writ of mandamus, which is a direct appeal. OCGA § 5-6-34 (a) (6). Accordingly, Case No. S97A0726, filed pursuant to a granted discretionary application, is dismissed as duplicative.

2. The trial court, in holding that FSL had a right to the county's waiver of its right under OCGA § 12-8-25, relied on this Court's holding in *FSL Corp. v. Harrington*, 262 Ga. 725 (425 SE2d 276) (1993), that a zoning ordinance without ascertainable limits on a county's discretion to grant or deny applications for special use permits is invalid. That rationale is fatally flawed because, as noted above, this case does not involve a zoning ordinance.

The statute giving counties and municipalities the power to withhold permission for landfills to be built within half a mile of

---

[1] At the time FSL made its application OCGA § 12-8-25 applied only to counties, but a 1997 amendment to the statute expanded the scope of the power to municipalities as well as counties. The amendment is applicable to "all permit applications that are pending on or made after April 4, 1997 and to all permits issued prior to such date, which permits are the subject of an appeal or judicial review and such appeal or judicial review is in process." Ga. L. 1997, p. 447, §§ 1, 2.

their borders does not place any limits on the process by which a jurisdiction decides whether to waive its right. However, the statute does not grant those jurisdictions absolute power to prevent the placement of a landfill close to their borders. The State retains authority under the statute to grant permits notwithstanding the lack of permission from a neighboring jurisdiction "if the applicant provides evidence that no alternative sites or methods are available in that jurisdiction or in any adjoining jurisdiction of the affected city or county for the handling of its solid waste." OCGA § 12-8-25 (a) (3).

It thus appears that the statute gives counties and municipalities absolute discretion to give or withhold permission for a landfill close to their borders, but provides a mechanism for relief to applicants for permits to whom permission is denied. "To obtain . . . the extraordinary remedy of mandamus, the petitioner must show both a clear legal right to the relief sought and the absence of another adequate remedy." *Hunstein v. McDade,* 267 Ga. 515 (480 SE2d 192) (1997). Since a jurisdiction can withhold permission for any reason, there can be no clear legal right to have permission given, and the statute provides another remedy which has not been ruled inadequate. It follows, then, that FSL was not entitled to the writ of mandamus and the trial court erred in issuing the writ.

*Judgment reversed in Case No. S97A0643; appeal dismissed in Case No. S97A0726. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997 —
RECONSIDERATION DENIED OCTOBER 10, 1997.

*King & Spalding, Nolan C. Leake, Fisher & Phillips, James M. Walters, Polatty & Sullivan, George J. Polatty, Jr., Thompson, Fox, Chandler, Homans & Hicks, Jason J. Deal,* for appellants.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Stewart, Melvin & Frost, J. Douglas Stewart,* for appellee.