## S00A0175. KING v. CITY OF BAINBRIDGE.
(531 SE2d 350)

HUNSTEIN, Justice.

Appellant Ethel King owns a tract of land in Decatur County, Georgia. A substantial part of the tract is located within the city limits of Bainbridge, Georgia (the City) and is zoned as R-2 two family and multiple family residential. Pursuant to the City's zoning ordinance, mobile homes with a HUD sticker are not permitted within R-2 zoning districts and a permit must be obtained before any house, including mobile homes, may be erected or placed on real property in the City. On September 2, 1995, King placed a mobile home with a HUD sticker on the portion of her property within the Bainbridge city limits. On September 5, 1995 a building officer discovered the mobile home and informed King that the mobile home must be removed. It was determined that 90 percent of the mobile home is within the city limits and that the home could be moved to another part of King's property outside the city limits and still have the proper setbacks. King was then again notified that she had to move the mobile home. Despite receiving several warnings from the City, King installed electricity, air conditioning, a septic tank and added a porch to the home. At no time did she apply for or obtain any permits, variances or rezoning from the City.

On December 13, 1995, King received notice that the zoning ordinance could be changed or modified only by the mayor or city council. She was advised to contact the city manager in order to present her case to the city council at its next meeting. King did not contact any city official and did not appear at the city council meeting. King also received a letter from the city attorney advising her that if she did not move the mobile home, suit would be filed. King did nothing, and in January 1996 the City filed an action seeking an interlocutory and permanent injunction to enjoin King from continuing to violate the City's zoning ordinance. In defense, King claimed the zoning ordinance was unconstitutional on its face in that it exceeds the City's police powers and violates her substantive due process rights.

At trial, the court held King's constitutional attack was barred because King was challenging the ordinance for the first time in superior court. After hearing all the evidence, the trial court found King to be in violation of the ordinance and ordered her to remove the mobile home from that portion of the property that lies within the city limits. King filed this direct appeal from the trial court's order. Finding King's constitutional challenge was properly raised in the trial court, we reverse and remand to the trial court.

1. The City alleges that under OCGA § 5-6-35 an application for discretionary appeal is required in all zoning cases and, therefore, this direct appeal is improper and should be dismissed. Under OCGA

§ 5-6-35 (a) (1), a party must file an application for appeal in cases involving an appeal from a decision of a superior court reviewing the decision of a state or local administrative agency. Appeals "in zoning cases [require] an application because they [are] appeals from court decisions 'reviewing a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a) (1).'" (Footnote omitted.) *OS Advertising Co. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997). See *Harrell v. Little Pup Dev. &c. Co.*, 269 Ga. 143, 144 (1) (498 SE2d 251) (1998). Where a zoning case does not involve superior court review of an administrative decision, the trial court's order does not come within the purview of OCGA § 5-6-35 (a) (1) and no application for appeal need be filed. *Harrell*, supra, 269 Ga. at 144 (1). In this case, King failed to seek a decision from the local zoning board or to seek to modify the zoning ordinance as suggested by the City. Instead, the City was forced to file in superior court an independent action for injunctive relief seeking to enforce the existing zoning ordinance. Because the order appealed from in this case does not involve the review of the decision of a local administrative agency, we find the order is directly appealable under OCGA § 5-6-34 (a) (4).

2. In her second defense, King challenges the City's zoning ordinance under both the United States and Georgia Constitutions. The trial court held this defense was barred because King failed to exhaust her administrative remedies and was raising it for the first time in the trial court. See *DeKalb County v. Post Properties*, 245 Ga. 214, 217 (1) (263 SE2d 905) (1980). "There is, however, no exhaustion requirement when, as in the present case, the property owner challenges the constitutionality of an ordinance on its face. [Cit.]" *OS Advertising Co. v. Rubin*, 263 Ga. 761, 763 (2) (438 SE2d 907) (1994). Therefore, we reverse the trial court's order barring King's second defense and remand the case to the trial court for consideration of the constitutional issues raised therein.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED MAY 30, 2000.

*Gilbert J. Murrah*, for appellant.
*Kirbo & Kendrick, Bruce W. Kirbo*, for appellee.