S00A0528. FORSYTH COUNTY et al. v. WHITE et al.
(532 SE2d 392)

THOMPSON, Justice.

Capital Resources, Inc. ("Capital"), maintains the Dick Creek sewage treatment plant in Forsyth County, Georgia. The plant was originally constructed with a 130,000-gallon-per-day capacity, which was sufficient to handle the needs of a neighboring subdivision. However, after the Dick Creek facility began operations, the Georgia Environmental Protection Division approved plans to expand the system to enable it to process 760,000 gallons per day.

Because the Georgia Department of Natural Resources required the County to step in and operate the plant if it were not developed and maintained properly, Capital's predecessor deeded the plant to the County in trust.

In pertinent part, the trust deed given to the County provides:

*Upon application to and approval by the Board of Commissioners,* the Utility System may extend service to adjacent or contiguous properties owned or developed by Grantor or to any other properties provided such extension shall only be made for surplus capacity of the Utility System in addition to the capacity required for Aberdeen [subdivision].

(Emphasis supplied.)

The County approved the extension of sewer service to two additional subdivisions and a public library. That extension required an increase in the daily flow of water to 200,000 gallons.

This case arose when the County refused to approve a request by Dewey C. White to approve yet another increase in the capacity of the system. White, who owns 316 acres of land adjacent to the system, seeks to develop a subdivision and to connect it to the Dick Creek facility. In order to accommodate the needs of the proposed subdivision, White must expand the facility's service by 150,000 gallons per day, with an option for an additional 75,000 gallons.

White applied for a utility facility encroachment permit from the County Engineering Department, which would allow placement of sewer lines under roadways to connect the property with the Dick Creek system. However, the Engineering Department did not review the application because the County refused to approve the expansion of the Dick Creek facility.

White filed suit seeking mandamus against the County Engineer, and seeking an injunction against the County Board of Commissioners to compel approval of the expansion. (The trial court treated the claim for injunction as a petition for mandamus.) The trial court granted two writs of mandamus: (1) ordering the County Engineer to proceed with the permit application, and (2) ordering the County to approve expansion of the sewer system. The County appeals.

1. The motion to dismiss the appeal is denied. Appellees chose to proceed in superior court by filing an original petition for mandamus. They cannot now assert that this appeal is from the review of an administrative decision, and that the County should have filed a discretionary application. See *King v. City of Bainbridge*, 272 Ga. 427 (531 SE2d 350) (2000); cf. *Dunlap v. City of Atlanta*, 272 Ga. 523 (531 SE2d 702) (2000).

2. "Where the duty of public officers to perform specific acts is clear and well defined and is imposed by law, and when no element of discretion is involved in performance thereof, the writ of mandamus will issue to compel their performance. But mere authorization to act is insufficient unless the law requires performance of the duty." (Citations and punctuation omitted.) *Hartsfield v. Salem*, 213 Ga. 760 (101 SE2d 701) (1958). It follows that a writ of mandamus will not issue unless there exists a legal duty which is required to be performed. *Bedingfield v. Adams*, 221 Ga. 69 (142 SE2d 915) (1965). And the burden is upon the party seeking mandamus to show the existence of such a duty. *Lindsey v. Guhl*, 237 Ga. 567, 568 (229 SE2d 354) (1976).

In this case, the burden is upon the appellees to show that the County was under legal compulsion to approve the expansion of the Dick Creek facility. Id. Because the trust deed gives the County the authority to approve any expansion, the appellees cannot shoulder that burden. See generally OCGA § 53-12-25 ("Property may be added to an existing trust from any source in any manner if the addition is permitted by the trust instrument and the property is acceptable to the trustee."). Inherent within that authority lies a broad discretion to approve or disapprove expansion as the County deems fit. See *Terry v. Wade*, 149 Ga. 580 (1) (101 SE 539) (1919); *Dunn v. Beck*, 144 Ga. 148 (1) (86 SE 385) (1915). After all, a county may exercise only those powers which are authorized by law, or, as in this case, by deed. See *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. 512, 513 (2) (186 SE2d 732) (1972). But, if authorized, the governing body of a county has broad discretion in the exercise of these powers. *Terry v. Wade*, supra; *Dunn v. Beck*, supra.

Of course, the actions of county commissioners can be set aside if they clearly abuse their discretion; if they fail to comply with the law in the exercise of their discretion; or, if their actions are unconstitu-

tional. None of these situations are present in this case. *Lindsey v. Guhl*, supra at 570.

The County was acting within its authority when it refused to approve further expansion of the Dick Creek facility. It follows that the trial court erred in granting the writs of mandamus.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 12, 2000 —
RECONSIDERATION DENIED JULY 27, 2000.

*Jenkins & Nelson, Frank E. Jenkins III, Peter R. Olson,* for appellants.

*Meadows, Ichter & Trigg, Mark G. Trigg, Michael J. Bowers, Alston & Bird, Peter M. Degnan, George E. Butler II,* for appellees.