## S00A0512. DELOACH v. EVANS COUNTY et al.

(532 SE2d 376)

THOMPSON, Justice.

Kay Deloach serves as the Clerk of the Magistrate Court of Evans County, Georgia, and she also fulfills certain magistrate duties. She is compensated as a full-time clerk and part-time magistrate, according to a statutorily set salary. She petitioned for a declaratory judgment and writ of mandamus seeking to compel the Board of Commissioners of Evans County to compensate her as a full-time magistrate as well as part-time clerk of the Magistrate Court. She appeals from the denial of her petition.

The evidence established that Deloach was appointed in 1994 to a four-year term as "a magistrate for the Magistrate's Court of Evans County." She was reappointed in 1997 in the same fashion. While the appointment orders did not specify whether her employment as magistrate was full-time or part-time, the chief magistrate who entered the orders testified that they were part-time appointments. In 1998, Deloach was also appointed by the same chief magistrate as "the Clerk of the Magistrate's Court." It is undisputed that from the date of her first appointment until the date of suit, she performed duties of both clerk of court and magistrate, and that she was compensated as a full-time clerk and also received a separate allowance as part-time magistrate.

In a 1997 letter to the County Board of Commissioners, Deloach requested a change in the manner of her compensation. She acknowledged that she had begun work in 1994 as a full-time clerk of court and part-time magistrate and that she continues to perform both functions. Nevertheless, she asked to be compensated as a full-time magistrate according to the salary set forth in OCGA § 15-10-23.[1] In response, the Evans County Board of Commissioners confirmed by letter Deloach's status as part-time magistrate and noted that the commissioners have not authorized a change in status or pay for a full-time magistrate's position. Deloach agreed with the commissioners' assessment that she was hired as a part-time magistrate; nevertheless, she claimed to have accepted responsibility as a full-time magistrate, and she asked to be paid accordingly. The present litigation followed.

We agree entirely with the trial court's findings and conclusions. The undisputed evidence shows that Deloach was appointed and

---

[1] At the time of Deloach's appointment in 1994, OCGA § 15-10-23 (b) set a minimum monthly salary for a magistrate at $250. Effective July 1, 1995, OCGA § 15-10-23 (c) was amended to provide that "each magistrate who serves in a full-time capacity other than the chief magistrate shall receive a minimum monthly salary of $2,812.00 per month or 90 percent of the monthly salary of the chief magistrate, whichever is less." OCGA § 15-10-23 (a) (1) defines the term "full-time capacity" as "a work week of no less than 40 hours."

compensated as a part-time magistrate and that she continued to serve in that capacity until the time of suit. See *Brown v. Blackmon*, 272 Ga. 435 (530 SE2d 712) (2000). " 'A public officer holds his office cum onere, and undertakes to perform the duties of the office for the compensation stipulated, whether such duties be increased or diminished; and such compensation must be by virtue of statutory warrant.' [Cit.]" *Twiggs v. Wingfield*, 147 Ga. 790, 794 (95 SE 711) (1918). It follows that Deloach was entitled only to be compensated as a part-time magistrate, notwithstanding that she may have performed additional work within her official duties.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2000.

*Dubberly & McGovern, Joseph D. McGovern*, for appellant.

*Callaway, Neville & Brinson, William E. Callaway, Jr.*, for appellees.