S01A0090. ENRE CORPORATION v. WHEELER COUNTY BOARD OF COMMISSIONERS et al.

(549 SE2d 67)

FLETCHER, Presiding Justice.

ENRE Corporation filed a petition for mandamus seeking to require the Wheeler County Board of Commissioners to issue a certificate of consistency for its proposed recycling plant. The trial court denied the petition. Because the record does not support a conclusion that the Board acted arbitrarily or capriciously in denying the certificate, we affirm.

ENRE is seeking to build in Wheeler County a recycling facility that proposes to receive unseparated municipal solid waste and turn 96 percent of the waste into saleable, reusable material. As part of the government approval process, ENRE sought certification from Wheeler County that the proposed facility was consistent with the regional solid waste management plan.[1] When the county failed to respond to the request for over a year, ENRE filed a mandamus and declaratory judgment action seeking to require Wheeler County to issue the certification. One week after the bench trial on the manda-

---

[1] See OCGA § 12-8-24 (g) (applicant seeking to build a solid waste handling facility must provide verification from the host jurisdiction that the proposed facility is consistent with the applicable solid waste management plan).

mus action, the county responded to ENRE's request and found that the proposed facility was not consistent with the Plan. The trial court then denied the relief sought on the basis that the county's finding rendered ENRE's action moot.

1. The county's denial of ENRE's request does not negate the availability of mandamus relief because mandamus lies not only to force official action, but to force specific action.[2] ENRE's petition for mandamus alleged that it had a clear legal right to the issuance of a certificate of consistency. Therefore, the county's denial of the certificate did not moot this claim.

2. Nevertheless, the record demonstrates that ENRE did not establish a clear legal right to the certificate.[3] Wheeler County is subject to the Heart of Georgia Regional Solid Waste Management Plan. That plan addresses seven elements of solid waste management and establishes goals for each element. ENRE's proposal to the county contended that its facility needed to comply with only elements relating to waste reduction and land limitations.

Assuming ENRE's interpretation were correct, it nevertheless has failed to establish its compliance with these two elements. The plan seeks to ensure a 25 percent reduction in the amount of solid waste received at disposal facilities. ENRE argued that because it was proposing a recycling facility that would reduce solid waste by 96 percent, it met this goal. The county, however, presented evidence that ENRE's goal of turning 96 percent of unseparated solid waste into reuseable material was grossly unrealistic. The plan also seeks to ensure that solid waste handling facilities are compatible with surrounding areas. The county, however, presented evidence that the proposed water usage was not compatible with the limited water resources in the area especially in view of recent drought conditions. Finally, the county presented evidence that it had information that ENRE's application contained material misrepresentations. The county's conclusion that a flawed plan containing material misrepresentations would not be consistent with its waste management objectives is neither arbitrary nor capricious.

3. ENRE's appeal of the trial court's ruling on its claim for declaratory judgment is controlled by our holding in division 2.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2001.

*Meadows, Ichter & Trigg, Michael J. Bowers, David J. Marmins,*

---

[2] See OCGA § 9-6-20; *Fulton County v. Bartenfeld*, 257 Ga. 766 (363 SE2d 555) (1988).

[3] *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989) (a judgment right for any reason will be affirmed).

for appellant.

*McNatt, Greene & Thompson, Richard S. Thompson, Thomas W. Everett*, for appellees.