S03A1487. MID-GEORGIA ENVIRONMENTAL MANAGEMENT GROUP, L.L.L.P. v. MERIWETHER COUNTY et al.
(594 SE2d 344)

FLETCHER, Chief Justice.

The issue in this appeal is whether, because of an alleged procedural flaw in the 1988 enactment of Meriwether County's zoning ordinance, the County must permit Mid-Georgia Environmental Management Group, L.L.L.P., to build a solid waste landfill on land not zoned for a landfill. Following an evidentiary hearing, the trial court concluded that the County's zoning ordinance was properly enacted and that the County was entitled to rely on the plain language of the ordinance in refusing to allow the building of the landfill. Because the record supports the trial court's conclusion regarding the validity of the ordinance's enactment, we affirm.

Mid-Georgia is a limited liability limited partnership formed for the purpose of trying to build a landfill in Meriwether County. In December 1999, Mid-Georgia acquired a contract to purchase approximately 400 acres of undeveloped land in Meriwether County. In January 2000, Mid-Georgia first notified the County of its intentions to build a landfill on 240 of those acres and, pursuant to OCGA § 12-8-24 (g), requested written verification that the proposed use complied with the County's zoning ordinance and solid waste management plan.[1] Mid-Georgia's letter stated that it recognized that the request "is likely to be unexpected and that it proposes a use for this site which may not be in your current plans for the area." Nevertheless, Mid-Georgia stated its position that the County's zoning ordinance had not been validly adopted and therefore the County's only option was to issue the verification letter. The County responded that it had a zoning ordinance that was validly enacted in 1988 and that the land at issue was not properly zoned for a landfill. Mid-Georgia then filed an action in June 2000 against the County, its zoning administrator, and the members of the County Board of Commissioners seeking a declaratory judgment that the County's zoning ordinance was

---

[1] OCGA § 12-8-24 (g) requires that an applicant seeking to build a landfill must submit to the Director of the Environmental Protection Division a written verification that the proposed facility complies with any local zoning ordinance and solid waste management plan.

not validly enacted and the proposed landfill did not conflict with the Multi-Jurisdictional Solid Waste Plan. Mid-Georgia also sought a writ of mandamus requiring the County to issue the verification letter. Following an evidentiary hearing, the trial court concluded that the County's zoning ordinance had been validly enacted, that the property at issue was not properly zoned for a landfill, and that Mid-Georgia had not demonstrated that its proposed landfill was consistent with the Multi-Jurisdictional Solid Waste Plan. Accordingly, the trial court entered judgment against Mid-Georgia on the declaratory judgment action and denied the writ of mandamus.

1. Before addressing the merits of the case, we first clarify a jurisdictional issue.[2] Following the trial court's ruling, Mid-Georgia filed with the Court of Appeals of Georgia an application for discretionary appeal under OCGA § 5-6-35 and also filed a notice of direct appeal to this Court. The Court of Appeals correctly transferred the application to this Court because cases involving the grant or denial of mandamus are within the exclusive jurisdiction of this Court without regard to the underlying subject matter or the legal issues raised.[3]

The underlying subject matter, however, is relevant to determining whether a party is entitled to a direct appeal or must file an application to appeal from a mandamus action. In *Ferguson v. Composite State Board of Medical Examiners*,[4] this Court reiterated that when both the direct and discretionary appeal statutes are implicated, the underlying subject matter controls the method of appeal. When a case involves mandamus, but also the review of an administrative agency ruling, a party must file an application to appeal.[5] Thus, in *Ferguson*, the Court held that an application to appeal was required because the appellant was seeking review of a decision of the State Board of Medical Examiners, a state administrative agency. In contrast, this appeal involves a request, not to a county administrative agency, but directly to the County's Board of Commissioners under OCGA § 12-8-24 (g).

This Court routinely accepts direct appeals of mandamus actions brought against county boards of commissioners in non-zoning

---

[2] *Collins v. AT&T Co.*, 265 Ga. 37 (456 SE2d 50) (1995) (Court must inquire into its own jurisdiction).

[3] Compare *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 748 (524 SE2d 464) (1999) (Supreme Court without jurisdiction where question of equitable relief is ancillary to underlying legal issue).

[4] 275 Ga. 255, 256-257 (564 SE2d 715) (2002).

[5] See also *King v. City of Bainbridge*, 272 Ga. 427, 428 (531 SE2d 350) (2000) (where zoning case does not involve superior court review of an administrative decision, trial court's order is not within discretionary appeal statute).

cases.[6] However, under *Trend Development Corp. v. Douglas County*,[7] we require an application to appeal in mandamus actions brought against county boards of commissioners where the decision under review is a zoning decision.[8] Thus, only if the Board of Commissioners' decision refusing to issue the verification letter was a "zoning decision" would an application be required in this case.

This Court has previously accepted direct appeals where a property owner sought mandamus to require the issuance of a letter verifying that a proposed use is consistent with zoning and land use plans.[9] Furthermore, the relevant *zoning decision* is the one that established the zoning for the site for the proposed landfill, and no one has ever sought review of this zoning decision.[10] As this Court previously noted, a case involving permitting requirements for landfills does not involve a county "enacting zoning ordinances to control use of land . . ., but instead a statutory scheme requiring a permit from the State for a land use which is regulated by the State."[11] Accordingly, we conclude that the decision was not a zoning decision. Therefore, Mid-Georgia was entitled to a direct appeal from the denial of its mandamus action, and this Court properly dismissed its application to appeal.[12]

2. Mandamus is an extraordinary remedy and is available

---

[6] See, e.g., *Jennings v. McIntosh County Board of Commrs.*, 276 Ga. 842 (583 SE2d 839) (2003) (seeking compensation for position as magistrate); *Gwinnett County v. Blaney*, 275 Ga. 696 (572 SE2d 553) (2002) (seeking funds to hire privately-retained attorney in sexual discrimination case); *Gilmer County v. City of East Ellijay*, 272 Ga. 774 (533 SE2d 715) (2000) (seeking to require provision of non-emergency dispatching service); *Deloach v. Evans County*, 272 Ga. 479 (532 SE2d 376) (2000) (seeking compensation as full-time magistrate and part-time clerk); *Forsyth County v. White*, 272 Ga. 619 (532 SE2d 392) (2000) (seeking approval of expansion of sewer treatment facility); *Griffies v. Coweta County*, 272 Ga. 506 (530 SE2d 718) (2000) (seeking payment for bottled water for employees).

[7] 259 Ga. 425 (383 SE2d 123) (1989).

[8] See also *Fulton County v. Congregation of Anshei Chesed*, 275 Ga. 856, 857 (572 SE2d 530) (2002) (interpreting *Trend* to mean that "a zoning decision made by a local government was the action of a local administrative agency within the meaning of OCGA § 5-6-35 (a) (1)"). But see *King v. City of Bainbridge*, 272 Ga. 427, 428 (531 SE2d 350) (2000) (where a zoning case does not involve superior court review of an administrative decision, trial court's order is not within discretionary appeal statute).

[9] *Enre Corp. v. Wheeler County Bd. of Commrs.*, 274 Ga. 17 (549 SE2d 67) (2001); *Banks County v. Chambers of Ga., Inc.*, 264 Ga. 421 (444 SE2d 783) (1994); *Long v. FSL Corp.*, 268 Ga. 479, 480 (490 SE2d 102) (1997). See also *Butts County v. Pine Ridge Recycling*, 213 Ga. App. 510 (445 SE2d 294) (1994) (appeal in Court of Appeals of mandamus action to require issuance of verification letter). But see *Taliaferro County v. Complex Environmental*, S03A0856 (dismissed 3/28/03) (Carley, J., dissenting) (dismissing the direct appeal because an application to appeal was required where party brought mandamus seeking to require issuance of verification letter).

[10] *Harrell v. Little Pup Development & Construction*, 269 Ga. 143, 144 (498 SE2d 251) (1998).

[11] *Long*, 268 Ga. at 480.

[12] *Mid-Georgia Environmental Management Group v. Meriwether County*, S03D0101 (Oct. 15, 2002).

against a public official only when the petitioner shows a clear legal right to the relief sought or a gross abuse of discretion.[13] Mid-Georgia concedes that it is not entitled to mandamus if the County's zoning ordinance was validly enacted.

3. The Zoning Procedures Law, OCGA § 36-66-1 et seq., sets forth the requirements for a local government's enactment of a valid zoning ordinance. Prior to the adoption of a zoning ordinance the local government must provide a public hearing on the proposed ordinance and must advertise in a newspaper of general circulation the time, place, and purpose of the meeting. The same notice requirements apply to the adoption of amendments to a zoning ordinance.

The record in this case contains certified minutes of the meetings of the Board of Commissioners in 1988. These minutes show that following the first reading of a proposed zoning ordinance in February 1988, the Board held a public meeting, and, following that meeting, made changes to the proposed zoning ordinance. In March 1988, the ordinance, with the February changes incorporated, was then considered in another properly noticed public hearing at which the zoning map was available for review. Finally, on April 6, 1988, the Board considered the zoning ordinance at a noticed meeting and the Board adopted the zoning ordinance without making any other changes.

On August 17, 1988, the Board approved changes to the zoning ordinance pursuant to the recommendations of the Zoning Administrator and directed that the public meeting on the amendments would take place on September 14, 1988, at the time of the regularly scheduled Board meeting. The minutes from September 14, 1988 show that a public hearing was held, and following comment by citizens, the County attorney informed the Board that if any changes to the amendments were made, another public hearing would have to be held. The Board then adopted the amendments without change. The certified copy of the zoning ordinance introduced into the record recites that it was adopted as amended on September 14, 1988, following a properly noticed public hearing. This evidence is sufficient, as the trial court found, to establish that the County's enactment of its zoning ordinance complied with the Zoning Procedures Law.

4. Nevertheless, Mid-Georgia contends that the ordinance is invalid because the County does not keep a copy of superseded portions of the zoning ordinance. The current Clerk of the Board, who was also the clerk in 1988, testified at the evidentiary hearing. She authenticated the certified copy of the zoning ordinance and testified

[13] *DeKalb County v. Publix Super Markets*, 264 Ga. 739, 741 (452 SE2d 471) (1994); *City of Atlanta v. Wansley Moving & Storage Co.*, 245 Ga. 794, 796 (267 SE2d 234) (1980).

that it was a true and correct copy of the County's current zoning ordinance. She further testified that as the zoning ordinance was amended, pages reflecting the new amendments were inserted into the zoning ordinance and pages reflecting the former law were discarded. She maintains a similar practice with a published loose-leaf book of County ordinances – when an ordinance is amended, the book publisher provides a new page containing the revision and she inserts the new page and discards the page that it replaces. There is nothing, however, in the Zoning Procedures Law, or the cases interpreting it, that conditions *validity* of a zoning ordinance on the retention of superseded portions of the ordinance. Therefore, the failure to keep superseded portions of the ordinance does not affect the validity of the County's current ordinance.

5. Mid-Georgia also contends that the County's ordinance failed to properly incorporate by reference an official zoning map. Under the Zoning Procedures Law, the adoption of a zoning map constitutes a "zoning decision" and must comply with the same notice and hearing requirements as the adoption of a zoning ordinance.[14] In this case, the County's zoning ordinance expressly incorporated the official zoning map by reference – "the Zoning Map shall be as much a part of this Resolution as.if the matter were fully described herein." It further specifies that the zoning administrator shall maintain all public records, including maps, related to the zoning ordinance. The minutes show that the Board had before it the official zoning map at the time it considered the ordinance. Finally, the record shows that the zoning map was in existence at the time Mid-Georgia bought the property and that the map was kept in the zoning administrator's office. Thus, the record demonstrates that the requirements of incorporation by reference under OCGA § 36-1-25, and the case law that it codified, were met.[15]

Mid-Georgia relies upon the fact that in 1997 a new zoning administrator was appointed after the office had been vacant for several months and was initially unsure about which of two maps in his office was the "official map" and which was the "working map." Mid-Georgia argues from this fact that the entire County zoning ordinance is invalid because there is no official zoning map. The record evidence, however, demonstrates that the County properly adopted its zoning code and zoning map in 1988. Furthermore, there is no uncertainty in the current code or confusion based on the official and

---

[14] OCGA §§ 36-66-3 (5), 36-66-4.
[15] See *Friedman v. Goodman*, 219 Ga. 152, 159 (132 SE2d 60) (1963) ("adoption of documents in municipal ordinances by incorporation by reference is valid where the document adopted is sufficiently identified and is made a part of public record"); *Reynolds v. Board of Commrs. of Paulding County*, 180 Ga. App. 516 (349 SE2d 536) (1986).

working maps that Mid-Georgia's land is not zoned for a landfill. For these reasons, we conclude that Mid-Georgia did not establish that the County lacked a valid zoning ordinance and thus, the trial court did not err in denying the writ of mandamus.

6. Because the County has a valid zoning ordinance that prohibits the building of a landfill on the proposed site, we need not address whether Mid-Georgia proved that the site was not inconsistent with the Multi-Jurisdictional Solid Waste Plan.

*Judgment affirmed. All the Justices concur, except Hines, J., who dissents.*

HINES, Justice, dissenting.

I respectfully dissent to Division 1 of the majority opinion. This Court mistakenly dismissed the application for discretionary appeal; rather, it was the direct appeal which should have been dismissed.[16]

First, I disagree with the majority's statement that all cases involving the grant or denial of mandamus are within the exclusive jurisdiction of this Court, for the reasons set forth in my dissent in *Lamar County v. E.T. Carlyle Co.*, 277 Ga. 690 (594 SE2d 335) (2004). And while the majority is correct in stating that the underlying subject matter controls the method of appeal, see *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994), it abandons that tenet in this case.

The underlying subject matter here is an administrative decision, an evaluation of whether the proposed project comports with the existing zoning ordinance and solid waste management plan. No policy decision by a legislative body is involved. Compare *Long v. FSL Corp.*, 268 Ga. 479, 480 (1) (490 SE2d 102) (1997). The majority's focus on the fact that the letter requesting the verification was sent to the Board of Commissioners rather than the County's planning or zoning office is misplaced. First, the majority's approach ignores the reality that, regardless of whether the request is made to the Board or the planning department, the initial decision is made at the administrative level and then approved, or not, by the Board. OCGA § 12-8-24 (g) does not provide how the required verification is to be secured, stating only that verification from the relevant jurisdiction is required. By focusing on to whom the letter requesting that verification is addressed, the majority elevates form over substance. The underlying subject matter remains unchanged.

---

[16] That this Court mistakenly dismissed the discretionary application does not affect our decision in this case. "Overlooking a jurisdictional defect raised by neither party in an earlier case does not dispense with our continuing obligation to inquire into the jurisdictional bases of appeals brought before this Court." *Prison Health Svcs. v. Ga. Dept. of Admin. Svcs.*, 265 Ga. 810, 812 (462 SE2d 601) (1995) (Fletcher, P. J., concurring specially).

Further, the majority's analysis departs from this Court's vigilance in ensuring that litigants do not circumvent the discretionary review procedure. "Our precedent has repeatedly emphasized that . . . litigants cannot under any circumstances dictate the procedural or jurisdictional rules of this Court." *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 257 (1) (564 SE2d 715) (2002). This Court does not "permit litigants to control the appellate procedure, contrary to legislative intent. . . ." *O. S. Advertising Co. v. Rubin*, 267 Ga. 723, 725 (2) (482 SE2d 295) (1997). Yet, that is what the majority opinion allows. As long as the request pursuant to OCGA § 12-8-24 (g) is addressed to the Board, the action of the governing body will be considered "legislative," not "administrative." The issue of appellate jurisdiction is not governed by the address the developer puts on its request.

The legislative intent of OCGA § 5-6-35 (a) (1) is that when the superior court reviews a decision of a "lesser" tribunal, the discretionary application procedure is required. And all zoning decisions, whether determining the initial zoning classification or otherwise, are administrative. This Court has declared this principle to be a "bright-line" rule. *O. S. Advertising Co.*, supra. Today, the majority erases this rule.

Appeal of the decision at issue requires following the discretionary review procedure of OCGA § 5-6-35 (a) (1). This Court has not granted a discretionary application, and until it does so, this case is not properly before us.

DECIDED MARCH 22, 2004.

*Chamberlain, Hrdlicka, White & Williams, James L. Paul, Matthew J. McCoyd, Fincher & Hecht, Steven M. Fincher, Murray J. Weed*, for appellant.

*Daniel W. Lee, Morton, Morton & Associates, Thomas H. Morton, Freeman, Mathis & Gary, Dana K. Maine, Kelley R. Purdie*, for appellees.