## A05A0676. EVERETT v. RAST.
(612 SE2d 925)

MILLER, Judge.

Mark Everett appeals the trial court's order denying his motion for attorney fees and expenses of litigation under the Open Records Act, OCGA § 50-18-70 et seq. (the Act). We find no error and affirm.

On November 21, 2003, Michael T. Rast, the city administrator of the City of Hapeville, received a request from Everett for copies of all records pertaining to compensation paid by the City to acquire certain rights of way during the previous two years. Three days later, the deputy city clerk responded to Everett's request. She informed Everett that subject to certain exemptions provided by the Act, "all documents, which exist, that are not otherwise exempt shall be provided to you relevant to your request."

On November 26, 2003, the city attorney wrote Everett. The letter indicated that the city attorney's secretary had provided a copy of a requested document to Everett, enclosed a copy of another document, and represented that the city attorney's office had no more relevant documents in its possession. The city attorney went on to say, however, that "[i]t is my understanding that the [City] and other offices at the [City] may or may not have documents relevant to you and you have filed a Open Records Request regarding these documents."

On December 30, 2003, Everett filed a Petition for Mandamus and for Attorney's Fees and Expenses of Litigation claiming that Rast and the City had failed and refused to make the requested documents available for copying and inspection. Rast and the City were served with the petition on January 9, 2004, and the requested documents were provided to Everett on January 15, 2004.

Everett subsequently filed a motion for attorney fees and expenses of litigation, which the trial court denied. On appeal, Everett claims the trial court erred in denying his motion because the City's failure to produce the requested documents constituted noncompliance with the Act without substantial justification. The standard of appellate review is whether the trial court abused its discretion in failing to award attorney fees and expenses of litigation. *Felker v. Lukemire*, 267 Ga. 296, 299 (3) (477 SE2d 23) (1996).

OCGA § 50-18-70 (b) states that, subject to certain exceptions, public records shall be open to inspection at a reasonable time and place, and those in charge of the records shall not refuse the privilege to any citizen. OCGA § 50-18-73 (b) provides:

> In any action brought to enforce the provisions of this chapter in which the court determines that either party

acted without substantial justification either in not complying with this chapter or in instituting the litigation, the court shall, unless it finds that special circumstances exist, assess in favor of the complaining party reasonable attorney's fees and other litigation costs reasonably incurred. Whether the position of the complaining party was substantially justified shall be determined on the basis of the record as a whole which is made in the proceeding for which fees and other expenses are sought.

Although Everett contends that the City affirmatively represented it "ha[d] no other documents relevant to [him] in this matter" without providing the records or setting forth reasons why the records were not subject to inspection and copying, this was not the case. The quoted representation is contained in the November 26, 2003 letter from the city attorney to Everett. This letter also indicated, however, that documents relevant to Everett's request "may or may not" be in the City's possession. The affidavits of Rast and the deputy city clerk show, moreover, that after Everett filed his records request, he did not communicate with them, either in person, in writing, or over the telephone. They also averred that the City never intended to withhold the documents from Everett. In short, Everett requested the records; the City responded that it would comply with the request; and the City failed to hear from Everett, who then sued for access.

Based on the foregoing, the trial court concluded that Everett "rushed to litigation." We agree, since it was incumbent on Everett to follow up with the City after the City indicated that it would provide the requested documents. See *Felker*, supra, 267 Ga. at 299 (2) (plaintiff requesting documents under the Act must notify defendant if response is unsatisfactory). Instead, Everett immediately sued to obtain the requested documents. Since Everett did not show that the City "acted without substantial justification . . . in not complying with [the Act]," the trial court did not abuse its discretion in denying his motion for attorney fees and expenses of litigation. OCGA § 50-18-73 (b); *Felker*, supra, 267 Ga. at 299 (3).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 1, 2005.

*Wayne B. Kendall*, for appellant.
*Murray J. Weed*, for appellee.