# Court of Appeals
# of the State of Georgia

ATLANTA,  January 24, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0646.   GEORGIA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS et al. v. THEODORE JACKSON, AS SHERIFF OF FULTON COUNTY et al.**

The Georgia Association of Professional Servers filed a petition for mandamus, declaratory judgment, and injunctive relief against the sheriffs of several counties, requesting that the trial court compel the sheriffs to consider their petitions to become certified process servers, pursuant to OCGA § 9-11-4.1.  The sheriffs filed motions for summary judgment, arguing that OCGA § 9-11-4.1 gives them discretion to decide whether to allow such servers to serve process in their counties.  The trial court granted the sheriffs' motions, and this appeal followed.[1]  Appellees, however, have filed a motion to transfer the appeal to the Supreme Court, arguing that the trial court's mandamus ruling implicates the Supreme Court's exclusive jurisdiction and that the constitutional issue raised also falls within the Supreme Court's exclusive jurisdiction.

Under our Constitution, the Supreme Court has exclusive appellate jurisdiction over all cases involving extraordinary remedies, including mandamus.  See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5); *Mid-Georgia Environmental Mgt. Group,*

---

[1] The notice of appeal was filed on March 18, 2015.  Pursuant to the Appellate Jurisdiction Review Act of 2016, the Court of Appeals has jurisdiction over cases involving extraordinary remedies in which the notice of appeal was filed on or after January 1, 2017.  See Ga. L. 2016, p. 883, § 3-1 [codified as OCGA § 15-3-3.1 (a) (5)].

*L.L.P. v. Meriwether County*, 277 Ga. 670, 671 (1) (594 SE2d 344) (2004).  Because the order in this case addresses the appropriateness of mandamus relief, this appeal is hereby TRANSFERRED to the Supreme Court for disposition.  See *Saxton v. Coastal Dialysis &c.*, 267 Ga. 177, 178 (476 SE2d 587) (1996) (Supreme Court has the ultimate responsibility for determining appellate jurisdiction).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/24/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*