# Court of Appeals
# of the State of Georgia

ATLANTA,  June 20, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0492. DEBBIE ALFORD et al. v. GEORGIA ATLANTA AMUSEMENTS, LLC.**

Georgia Atlanta Amusements, LLC ("GAA"), filed a petition for a writ of mandamus in superior court against the Georgia Lottery Corporation and two of its officers, seeking the production of certain records under the Open Records Act, OCGA § 50-18-70 et seq. The superior court granted GAA mandamus relief, and GAA filed a motion for attorney fees pursuant to OCGA § 50-18-73 (b), which the superior court granted. The Georgia Lottery Corporation then filed this application for discretionary appeal of the superior court's award of attorney fees. The Georgia Lottery Corporation states that it has also filed a direct appeal of the fee award, which has yet to be docketed in this Court.

No provision of the discretionary appeal statute, OCGA § 5-6-35, applies to the fee award. Therefore, the award is directly appealable under OCGA § 5-6-34 (a) (1), which provides for direct appeals from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" At the time GAA filed its mandamus petition in superior court, a proceeding initiated by the Georgia Lottery Corporation to revoke GAA's coin-operated amusement machine license was ongoing. OCGA § 5-6-35 (a) (1) requires applications for "[a]ppeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies, and lower courts by certiorari or de novo proceedings[.]" However, the proceedings and the fee award here did not involve superior court review of any administrative agency or lower court decision, but instead turned on whether the Georgia Lottery Corporation had complied with the Open Records Act. See *King v. City of Bainbridge*, 272 Ga.

427, 428 (1) (531 SE2d 350) (2000) ("Where a zoning case does not involve superior court review of an administrative decision, the trial court's order does not come within the purview of OCGA § 5-6-35 (a) (1) and no application for appeal need be filed."); *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994) ("The clear intent of OCGA § 5-6-35 (a) (1) was to give the appellate courts the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case).") (citation and punctuation omitted); compare *State v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 408 (4) (b) (788 SE2d 455) (2016) (concluding that OCGA § 5-6-35 (a) (1) applied, despite the fact that the superior court proceedings and judgment were for injunctive and declaratory relief, because the proceedings and judgment "amounted to a review of a decision to deny a particular Adopt-A-Highway application"). Because the superior court's fee award did not involve review of a decision of an administrative agency or a lower court, it is directly appealable under OCGA § 5-6-34 (a) (1). See *Everett v. Rast*, 272 Ga. App. 636 (612 SE2d 925) (2005) (direct appeal of order denying motion for attorney fees in mandamus proceeding seeking production of records under the Open Records Act).

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and the Georgia Lottery Corporation shall have ten days from the date of this order to file a notice of appeal with the superior court.

If the Georgia Lottery Corporation has indeed already filed a notice of appeal in the superior court, it need not file an additional notice. The clerk of the superior court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta,  06/20/2019*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



                 *, Clerk.*