# Court of Appeals
# of the State of Georgia

ATLANTA,  April 21, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0275. SOUTHEAST GEORGIA HEALTH SYSTEM, INC. v. FRANK W. BERRY, IN HIS OFFICIAL CAPACITY AS COMMISSIONER et al.**

Southeast Georgia Health System, Inc. seeks discretionary review of the superior court's order dismissing its mandamus petition. Southeast Georgia contends, however, that it is entitled to appeal the ruling directly. For the reasons that follow, we agree.

The application materials show that Southeast Georgia operates two hospitals in Brunswick, Georgia. Southeast Georgia alleges that one of its rivals, Premier Surgery Center, has a certificate of need (CON) authorizing two operating rooms (ORs), but that Premier is improperly operating a third OR. Southeast Georgia requested that the Department of Community Health investigate its allegation and issue a cease and desist order. By letter dated March 13, 2020, the Department informed Southeast Georgia that it was declining to investigate the allegation. Southeast Georgia requested an administrative appeal, but the Department denied the request.

Southeast Georgia then filed a mandamus petition in superior court seeking to compel Frank W. Berry, the Commissioner of the Department, to investigate whether Premier was improperly operating a third OR. The Commissioner moved to dismiss the petition, arguing that Southeast Georgia was not entitled to mandamus relief. The trial court granted the motion, and Southeast Georgia filed this application for discretionary appeal.

OCGA § 5-6-35 (a) (1) requires an application to appeal "from decisions of the superior courts reviewing decisions of the State Board of Workers' Compensation,

the State Board of Education, auditors, state and local administrative agencies, and lower courts by certiorari or de novo proceedings." The issue here is whether the Commissioner's decision not to investigate constituted a "decision" within the meaning of OCGA § 5-6-35 (a) (1).

Agency determinations may be considered executive, legislative, or adjudicative; drawing the distinction between the three is not always an easy task. See *State v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 400-401 (4) (a) (788 SE2d 455) (2016). A discretionary application is required only for those determinations considered adjudicative. See id.; *Schumacher v. City of Roswell*, 301 Ga. 635, 637 (1) (803 SE2d 66) (2017). An adjudicative decision involves judgment on the merits after consideration of the facts and, if appropriate, the law. See *Keystone Knights*, 299 Ga. at 402 (4) (a). Executive actions, on the other hand, include "the day-to-day management of agency personnel and resources, the dissemination of information to the public, the undertaking of law enforcement and compliance investigations, and prosecutorial determinations to initiate or decline to bring enforcement proceedings." Id. at 400-401 (4) (a).

Here, the Department's decision not to investigate an alleged CON violation is properly characterized as an executive action. Accordingly, OCGA § 5-6-35 (a) (1) is not implicated. See, e. g., *Mid Georgia Environmental Mgmt. Group, v. Meriwether County*, 277 Ga. 670, 672 (1) (594 SE2d 344) (2004) (no discretionary application required to appeal denial of mandamus petition involving Board's refusal to issue a verification letter).

We will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Southeast Georgia shall have ten days from the date of this order to file a notice of appeal with the superior court. The clerk of the

superior court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __04/21/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*