# Court of Appeals
# of the State of Georgia

ATLANTA,  July 31, 2023

*The Court of Appeals hereby passes the following order:*

## A23D0377. BANKS COUNTY GOLF, LLC et al. v. TOWN OF HOMER, GEORGIA et al.

Banks County Golf, LLC and Green Ridge Builders of Georgia, LLC ("Applicants") seek discretionary review of the trial court's order granting the defendants' motion to dismiss and motion to strike Applicants' first amended complaint and denying Applicants' motion for discovery.[1] However, the trial court's order appears to be directly appealable pursuant to OCGA § 5-6-34 (a) (1).

As background, Applicants sued the Town of Homer, the Mayor, members of the Town Council, and the City Attorney (collectively, "Defendants"), asserting a claim of tortious interference with business and contractual relationships and violation of OCGA § 36-33-4,[2] and requesting exemplary damages and attorney fees. Although the complaint focuses primarily on the May 10, 2022 decision of the Town Council on Applicants' rezoning application, Applicants allege that this decision was just one part of a pattern of behavior in which the Town and City Attorney intentionally impeded their business and operations.

Although some "zoning cases" require discretionary applications pursuant to

---

[1] The Applicants filed the application in the Supreme Court, which transferred it to this Court. See Case No. S23D0985 (June 15, 2023).

[2] OCGA § 36-33-4 provides that "[m]embers of the council and other officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers if done oppressively, maliciously, corruptly, or without authority of law."

OCGA § 5-6-35 (a) (1),[3] a direct appeal is proper "where a zoning case does not involve superior court review of an administrative decision." *King v. City of Bainbridge*, 272 Ga. 427, 428 (1) (531 SE2d 350) (2000). Here, Applicants did not appeal the Town Council's zoning decision to the superior court. Instead, they filed a lawsuit directly against Defendants, claiming tortious interference with business and contractual relationships and violation of OCGA § 36-33-4. The discretionary appeal procedure therefore does not apply to this case, which does not involve an appeal from a local administrative decision. See *Schumacher v. City of Roswell*, 301 Ga. 635, 640 (2) (803 SE2d 66) (2017) ("[W]e have refused to require an application in . . . zoning-related cases that were not appealing decisions of administrative agencies.").

Under OCGA § 5-6-35 (j), this Court will grant an otherwise timely application for discretionary appeal if the order is subject to direct appeal. As the order at issue is subject to direct appeal, this application is hereby GRANTED. Applicants shall have 10 days from the date of this order to file a notice of appeal with the trial court, if they have not already done so. The trial court is instructed to include a copy of this order in the appellate record.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __07/31/2023__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[3] OCGA § 5-6-35 (a) (1) states that "[a]ppeals from decisions of the superior courts reviewing decisions of . . . local administrative agencies" must proceed by discretionary application.