## S90A1439. WALTON COUNTY et al. v. SCENIC HILLS ESTATES, INC.

(401 SE2d 513)

SMITH, Presiding Justice.

Appellee Scenic Hills Estates, Inc. sought the rezoning of approximately 92 acres of land in Walton County. After the application was denied by the Walton County Board of Commissioners, the appellee filed a notice of appeal in the Walton County Superior Court. Subsequently, the appellee filed, among other things, a motion to have the appeal treated as an appeal on the record. The trial court granted the motion, issued a Certificate of Immediate Review, and this Court granted the appellant's application for a discretionary appeal. We indicated that we were particularly concerned with:

> Whether a zoning authority's enactment of procedures pursuant to the Zoning Procedures Law, 1985 Ga. Laws 1139 (codified at OCGA §§ 36-66-1 to -5) can create a mechanism for the direct appeal of zoning decision, rather than de novo, within the meaning of City of Savannah v. Rauers, 253 Ga. 675 (1) [(324 SE2d 173)] (1985).

Absent express authorization by the General Assembly, a local zoning authority cannot create a direct appeal of a zoning decision. We, therefore, reverse.

In City of Savannah, supra, the City argued that an unsuccessful rezoning applicant should not be granted a de novo trial, and that the trial court should decide the constitutional challenge to the zoning ordinance on the basis of the evidence before the city council. We declined to "adopt [the City's argument] because the city is urging in effect that there be an 'appeal' from the city council to the superior court, and the General Assembly has not provided for such a procedure." Id. The rule in Georgia is that judicial review of rezoning decisions are de novo proceedings. Village Centers v. DeKalb County, 248 Ga. 177, 179 (281 SE2d 522) (1981).

The appellee argues that since the effective date of the Zoning Procedures Law (ZPL) OCGA § 36-66-1 et seq., January 1, 1986, local governments have been authorized to create direct rights of appeal from rezoning decisions.[1] We cannot agree for the following reasons.

---

[1] The appellee relies upon OCGA § 36-66-2 (b) for the authorization. That Code section provides, in pertinent part:

(b) Consistent with the minimum procedures required by this chapter, local governments may:

(1) Provide by ordinance or resolution for such administrative officers, bodies, or agencies as may be expedient for the efficient exercise of their zoning powers; and

(2) Provide by ordinance or resolution for procedures and requirements in addi-

The superior courts have only appellate jurisdiction "as may be provided by law." Art. VI, Sec. IV, Par. I of the Constitution of Georgia of 1983. "The right to appeal to the superior court is fixed by statute, and lies only from bodies or tribunals when an appeal therefrom is provided for by statute. [Cits.]" *Georgia Power Co. v. Friar*, 47 Ga. App. 675, 682 (171 SE 210) (1933), aff'd 179 Ga. 470 (175 SE 807) (1934). Nothing in OCGA § 36-66-2 (b) expressly grants a local zoning authority the power to confer a right of direct appeal. When a direct appeal to a superior court is authorized, the General Assembly uses express language. For example some statutes provide for a "hearing as is provided in Chapter 13 of Title 50, the 'Georgia Administrative Procedure Act.'" OCGA §§ 40-5-55; 40-5-64; 40-5-66. Other statutes which provide for a direct appeal state that there shall be a "right of appeal to the superior court." OCGA § 40-13-28.

The types of appeals that may be taken to the superior courts are expressly stated in appeals to superior court, OCGA § 5-3-1 et seq. There is nothing therein that allows a direct appeal from a rezoning application. Additionally, almost two years after the effective date of OCGA § 36-66-1 et seq., this Court in *Cobb County Bd. of Commrs. v. Poss*, 257 Ga. 393, 397 (359 SE2d 900) (1987) held:

> Since the General Assembly has provided no statutory mechanism for the direct appeal of local governing authorities' zoning decisions to superior court, such appeals are de novo proceedings. *Mayor &c. of Savannah v. Rauers*, 253 Ga. 675 (1) (324 SE2d 173) (1985) and cits.

The ZPL, OCGA § 36-66-1 et seq., does not expressly grant local governments the right to create direct appeals. Without express statutory language, a local government does not have the authority to create direct appeals of rezoning decisions.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 28, 1991 —
RECONSIDERATION DENIED MARCH 27, 1991.

*Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul, Sorrells, Hearn & Childers, George J. Hearn III*, for appellants.
*George E. Butler II*, for appellee.

tion to or supplemental to those required by this chapter.