S98A1472. GWINNETT COUNTY et al. v. EHLER ENTERPRISES, INC.

(512 SE2d 239)

FLETCHER, Presiding Justice.

The Gwinnett County Board of Commissioners denied Ehler Enterprises, Inc.'s application for a special use permit to build a tire store and service center on Spalding Drive near the intersection of Peachtree Parkway. The superior court granted Ehler's petition for mandamus and overturned the board's decision and we granted Gwinnett County's application to appeal. Because there is evidence to support the board's denial of the permit, we reverse.

1. Mandamus will issue against a public official only where the petitioner has demonstrated a clear legal right to relief or a gross abuse of discretion.[1] Gwinnett County's zoning ordinance provides general guidelines for the issuance of a special permit, but expressly states that the guidelines are not exclusive. Therefore, the decision to grant a special use permit ultimately lies within the discretion of the board. Because the decision is discretionary, in seeking mandamus Ehler must show that the denial was a gross abuse of discretion.[2]

The trial court is bound by the facts presented to the board[3] and thus the trial court's obligation is to review the sufficiency of the evidence before the board, but not to reweigh that evidence. If there is no evidence to support the board's decision, the decision constitutes an abuse of discretion and may be reversed.[4] In the appellate court, the standard of review is whether any evidence supports the board's decision, not whether any evidence supports the trial court's decision.[5] This is an important distinction. By focusing on whether the board's decision is supported by any evidence, we recognize that zoning is a legislative and not judicial function.[6]

2. The record shows that the proposed site for the tire store and service center is zoned C-2, General Business District. This classification allows "retailing of major goods and services, general office

---

[1] *Dougherty County v. Webb*, 256 Ga. 474, 477 n. 3 (350 SE2d 457) (1986).

[2] See *City of Atlanta v. Wansley Moving & Storage Co.*, 245 Ga. 794, 795-796 (267 SE2d 234) (1980) (standard of review will differ depending on whether zoning ordinance prescribes conditions for special use permit or leaves issuance of special use permit to discretion of governmental body).

[3] See *Webb*, 256 Ga. at 477 n. 3.

[4] *Emory University v. Levitas*, 260 Ga. 894, 896 n. 1 (401 SE2d 691) (1991).

[5] *Wansley Moving*, 245 Ga. at 797.

[6] See *DeKalb County v. Dobson*, 267 Ga. 624, 626 (482 SE2d 239) (1997) ("if the validity of a zoning ordinance is 'fairly debatable,' the governmental judgment will control."); see also 4 *Anderson's American Law of Zoning* § 27.29 at 601 (Kenneth H. Young ed., 4th ed. 1997) (judiciary accords presumption of validity to municipalities' determinations on special permits).

facilities and public functions."[7] Tire stores and automotive tune-up centers are not a permitted use within C-2 except by special use permit.[8] By contrast, an automotive service center is a permitted use of right in C-3, Highway Business District. The intent of the C-3 classification is to "provide areas for businesses which, because of their intensity, outside storage areas or hours of operation, would have significant negative impacts on adjoining properties."[9]

Under the guidelines for the issuance of special use permits, the board is to give "particular emphasis . . . to the evaluation of the characteristics of the proposed use in relationship to its immediate neighborhood and the compatibility of the proposed use with its neighborhood."[10] Additionally, the board is to consider the policies and objectives of Gwinnett County's Comprehensive Plan, the effect on traffic, storm drainage, and land values.

The board articulated twelve reasons for its denial of the special use permit, including that the tire store would be incompatible and inconsistent with the high-end office parks in the immediate neighborhood and Spalding Drive's classification as a residential arterial and would result in increased noise, odors, and visual blight. Applying the appropriate standard of review, the record shows that each of these reasons is supported by evidence presented to the board. Because the record contains evidence supporting the board's decision, we must reverse the trial court.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED FEBRUARY 26, 1999.

*Karen G. Thomas, Michael V. Stephens II,* for appellants.
*Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson,* for appellee.

[7] 1985 Zoning Resolution of Gwinnett County, rev. July 1996, § 1308.
[8] Id.
[9] Id. at § 1308A.
[10] Id. at § 1705 (2).