S00A0705. CITY OF ALPHARETTA et al. v. ESTATE OF C. R. SIMS et al.
(533 SE2d 692)

HUNSTEIN, Justice.

We granted the application for discretionary appeal filed by the City of Alpharetta and City officials ("the City") to address whether the trial court erred by concluding that the City abused its discretion in denying an application for conditional use permit made on behalf of appellees, the Estate of C. R. Sims and its two executors. The City Council denied the application for a special use permit to build a gasoline station on appellees' property on which are located six specimen trees, including one oak deemed a "very significant tree" by the City's Director of Planning and Community Development. The superior court granted appellees' petition for mandamus and overturned the City's decision.

Mandamus will issue only where the petitioner has demonstrated a clear legal right or a gross abuse of discretion. *Gwinnett County v. Ehler Enterprises,* 270 Ga. 570 (1) (512 SE2d 239) (1999). Although the City ordinance in issue sets forth four criteria to be satisfied before a conditional use permit should be issued, the criteria themselves contain subjective aspects.[1] Hence, the trial court's ruling was not based upon any clear legal right but rather upon the express

---

[1] Article XV, Section 1 of The Zoning Ordinance of Alpharetta, Georgia addresses conditional uses and provides
A. *General Requirements.* Conditional uses shall be permitted subject to a determination by the Director of Planning and Community Development that they conform to all conditions set forth by the City Council as follows: (1) the conditional use will not be injurious to the use and enjoyment of the environment or of other property in the immediate vicinity or diminish and impair property values within the surrounding neighborhood; (2) the proposed conditional use will not increase local or state expenditures in relation to cost of servicing or maintaining neighboring properties; (3) the establishment of the conditional use will not impede the normal and orderly development of surrounding property for uses predominant in the area; and (4) the location and character of the proposed conditional use is considered to be consistent with a desirable pattern of development for the locality in general.

determination that appellees had demonstrated a gross abuse of discretion.[2]

> The trial court is bound by the facts presented to the [council] and thus the trial court's obligation is to review the sufficiency of the evidence before the [council], but not to reweigh that evidence. If there is no evidence to support the [council's] decision, the decision constitutes an abuse of discretion and may be reversed. In the appellate court, the standard of review is whether any evidence supports the [council's] decision, not whether any evidence supports the trial court's decision. This is an important distinction. By focusing on whether the [council's] decision is supported by any evidence, we recognize that zoning is a legislative and not [a] judicial function.

(Footnotes omitted.) *Gwinnett County v. Ehler Enterprises*, supra, 270 Ga. at 570 (1).

The record reveals that BP Oil Company, the contract purchaser of the portion of appellees' property in issue in this appeal, sought a conditional use permit to construct a convenience store with a ten island fueling facility (gas station) and a tunnel car wash on the property. Diana Wheeler, the City's Director of Planning and Community Development, presented the issue regarding the permit at the public hearing before the City Planning Commission, which agreed with the staff recommendation to approve the permit subject to BP's compliance with several conditions, two of which required the preservation of the six specimen trees in accordance with the City's tree ordinance. The City Council then heard the matter. The official minutes of the council meeting reveals that council members discussed the conditions involving the trees at great length. Of particular concern was the significant oak tree, which is located alone at the corner of the property. The City Council heard from Director Wheeler that it was "possible to make the project work and still keep" the significant oak tree[3] and that saving this one tree should be given priority over saving the other trees. The Council heard from BP's attorney and project manager. The attorney stated that the developer believed at least four and maybe all five of the smaller trees could be pre-

---

[2] Neither party requested the trial court make specific findings of fact pursuant to OCGA § 9-11-52.

[3] Although Director Wheeler commented that it "may require" the acquisition of more land in order to avoid damage to the oak, the record does not support appellees' claim that the City Council suggested that BP acquire additional property in order to obtain a permit. Councilman Paine's question later in the meeting likewise does not support appellees' assertion.

served and detailed the steps taken in regard to those trees, but when it came to the significant tree the attorney stated only that it could not be saved. When asked how many different design configurations had been considered, the attorney deferred to the project manager. However, when the project manager subsequently spoke, no information regarding other designs was presented. In the discussion before the vote, the City Council members commented on BP's refusal to comply with the condition regarding the significant oak. Members also discussed the fact that the conditional use permit was to allow the property to be operated as a gas station, that the problem with the specimen trees was caused by the island needed for the gas pumps, and that the property had commercial value without a permit allowing the fueling facility. The City Council then voted to deny the conditional use permit.

Under the guidelines for the issuance of conditional use permits, the City Council was authorized to consider whether the conditional use would be injurious to the use and enjoyment of the environment. See footnote 1, supra. The standard the City Council applied was set forth in its Tree Protection Ordinance. While appellees are correct that the City's Tree Protection Ordinance does not mandate the saving of specimen trees, it does require "all reasonable efforts" to be made. City of Alpharetta Tree Protection Ordinance Section 7 (d). Given that the evidence before the City Council failed to demonstrate that appellees had made reasonable efforts to save the specimen oak tree, we cannot conclude that the denial of the conditional use permit was unsupported by the evidence so as to constitute an abuse of the City's discretion. See *Gwinnett County*, supra, 270 Ga. at 571. Accordingly, we must reverse the trial court.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

In my opinion, denial of the application for a conditional use permit was a gross abuse of the City's discretion. Therefore, I dissent to the reversal of the trial court's grant of mandamus in favor of appellees.

The City's ordinance provides that a conditional use "shall be permitted subject to" certain specified conditions. "Shall" is generally construed as a word of command. *State v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993). Thus, if appellees satisfied the conditions enumerated in the ordinance, the City had no discretion to deny their application. *Jackson v. Abercrombie*, 229 Ga. 775 (194 SE2d 473) (1972). Included among those requirements is that "the conditional use will not be injurious to the use and enjoyment of the environment or of other property in the immediate vicinity or diminish and impair

property values within the surrounding neighborhood. . . ." According to the majority, this condition contains "subjective aspects" so that, in determining whether appellees met that requirement, the City had the discretionary authority to apply the standards of its Tree Protection Ordinance (TPO).

Although I agree that the ordinance sets a somewhat subjective standard, I cannot agree that the City's discretion thereunder is so broad as to authorize the denial of appellees' application based upon the TPO. By its terms, the exclusive focus of the ordinance is upon the "conditional use" itself. "Use" is

> defined as "(a) any *purpose* for which a building or other structure or a tract of land may be designed, arranged, intended, maintained, or occupied, or (b) any *activity, occupation, business,* or *operation* carried on, or intended to be carried on, in a building or other structure or on a tract of land." [Cit.]

(Emphasis supplied.) *Municipal Elec. Auth. v. 2100 Riveredge Assoc.,* 180 Ga. App. 326, 329 (348 SE2d 890) (1986). Appellees contemplate using their property for the operation of a convenience store and gasoline station. There is no contention that such use will injure the immediate environment or will diminish property values in the surrounding neighborhood. The sole objection is to the configuration of the proposed establishment. According to the City, appellees can use their property as they propose, but only so long as they design their facility to comport with the TPO. However, there is nothing in the ordinance which authorizes the denial of a conditional use application based upon esthetic objections to the design of the applicant's proposed facility, as opposed to substantive concerns regarding the proposed use itself. "[T]here is an analytical distinction between building and use restrictions." *Payne v. Borkat,* 244 Ga. 615, 617 (1) (261 SE2d 393) (1979). Objections to the layout of appellees' proposed facility relate to building restrictions, whereas the ordinance itself expresses concern only for use restrictions. Certainly, noncompliance with the TPO could be an independent ground for denying an application, *if* the ordinance so provided. However, I cannot agree that the ordinance, as presently worded, either expressly or implicitly authorizes incorporation of the building restrictions established by the TPO as a condition which appellees must satisfy in order to use their property as the site of a convenience store and gasoline station.

Moreover, even assuming that the City had the discretion to incorporate the TPO into the entirely separate provisions of its conditional use ordinance, I still believe that the trial court correctly granted mandamus. The TPO requires only that the property owner use "all reasonable efforts" to save specimen trees. Appellees presented evi-

dence of their unsuccessful efforts to design their facility so as to save all of the trees, but the City was adamant and refused to accept anything less than a configuration which protected each and every tree. In my opinion, denying a landowner the opportunity to engage in an admittedly valid use simply because that use is not compatible with maintaining all of the trees currently growing on the property is such a gross abuse of discretion as would authorize the grant of mandamus against the City. See *Fulton County v. Bartenfeld*, 257 Ga. 766, 771 (4) (363 SE2d 555) (1988).

DECIDED JUNE 12, 2000 —
RECONSIDERATION DENIED JULY 28, 2000.

*Bovis, Kyle & Burch, C. Sam Thomas, Jana B. Tabor*, for appellants.

*Wilson, Brock & Irby, Richard W. Wilson, Jr., James S. Teague, Jr.*, for appellees.