S02A0676. FULTON COUNTY et al. v. CONGREGATION OF ANSHEI CHESED.
(572 SE2d 530)

BENHAM, Justice.

The Congregation of Anshei Chesed, acting on behalf of the owner of a one-acre tract of land in Fulton County, filed an application with Fulton County for a use permit that would authorize use of the property, zoned residential and containing a single-family residence, as a place of worship. The Congregation also sought variances to alter a setback requirement and to delete an on-site parking requirement. The County's planning staff recommended approval of the application, with conditions; the County's planning commission recommended denial of the application. The Fulton County Board of Commissioners denied the application, and the Congregation filed a petition for mandamus and other equitable relief by which it sought a court order requiring the county to permit the land to be used for a

house of worship.[1] After concluding that the Congregation had a clear legal right to the relief requested and that the Board of Commissioners' decision to deny the application was an arbitrary and discretionary decision that lacked any articulable objective ground of support, the trial court issued the writ of mandamus.[2] The County timely filed an application for discretionary review. Citing *Sprayberry v. Dougherty County*, 273 Ga. 503 (543 SE2d 29) (2001), overruled in *Ferguson v. Composite State Bd. &c.*, 275 Ga. 255, 258 (564 SE2d 715) (2002), this Court issued an order in which we determined that the County had the right to directly appeal the trial court's issuance of the writ of mandamus compelling the county to issue a special use permit, and granted the application pursuant to OCGA § 5-6-35 (j).[3]

1. It is incumbent upon this Court to inquire into its own jurisdiction. *Collins v. AT&T Co.*, 265 Ga. 37 (456 SE2d 50) (1995); *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). A case filed in either appellate court that involves zoning must come by application when "it is an appeal from the decision of a court reviewing a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a) (1)." *Trend Dev. Co. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989). In essence, this Court determined in *Trend* and its progeny that a zoning decision made by a local government was the action of a local administrative agency within the meaning of OCGA § 5-6-35 (a) (1), and an appeal from a superior court decision reviewing the local administrative agency's decision must come by way of application pursuant to § 5-6-35 (a) (1). *King v. City of Bainbridge*, 272 Ga. 427 (1) (531 SE2d 350) (2000); *O.S. Advertising Co. v. Rubin*, 267 Ga. 723 (1) (482 SE2d 295) (1997). As has been made clear in *Ferguson v. Composite State Bd. &c.*, supra, 275 Ga. 255 (1), a party to the decision of an administrative agency may not avoid the requirements of filing an application to appeal in the appellate courts by filing in superior court an action from which a direct appeal is authorized by OCGA § 5-6-34. See *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994); *Crymes v. Smith*, 260 Ga. 730 (401 SE2d 11) (1990) (appeal from superior court's denial of mandamus following the decision of a local board of zoning appeals involves judicial review of an administrative decision and requires an application to appeal). The same principles hold true when a party wishes to appeal the superior

---

[1] At the hearing on the petition, the Congregation verbally amended its pleading to include within it an appeal from the decision of the local governing body.

[2] In its order, the trial court noted the petition had been properly designated as an appeal, had been filed within the time prescribed for an appeal, and its contents were the same as that of an appeal.

[3] OCGA § 5-6-35 (j) provides that the appropriate appellate court has jurisdiction to decide a case in which an application to appeal is timely filed but a direct appeal is authorized under OCGA § 5-6-34 (a) and no timely notice of appeal was filed.

court's decision on a petition for mandamus that was filed after a local zoning decision because the local ordinance does not provide a means of judicial review of the zoning decision.[4] Cf. *Gwinnett County v. Ehler Enterprises*, 270 Ga. 570 (512 SE2d 239) (1999).

In the case at bar, the Congregation filed a petition for writ of mandamus in superior court following the county commissioners' denial of the Congregation's request for a use permit and related variances. The Congregation orally amended its petition to include in it an appeal from the commissioners' action. Whether the superior court was hearing an appeal as provided by the local ordinance or a mandamus action, the superior court was reviewing the decision of an administrative agency within the meaning of OCGA § 5-6-35 (a) (1), and appellate review of the superior court's judgment must be preceded by the grant of an application for discretionary review. This Court erred when, relying on *Sprayberry v. Dougherty County*, supra, it ruled that the County had the right to a direct appeal of the superior court's judgment. See *Ferguson v. Composite State Bd. &c.*, supra. Accordingly, we dismiss the County's direct appeal, treat its appellate pleadings as if filed pursuant to an application for discretionary review, and grant the application to consider whether the trial court erred in granting mandamus relief to the Congregation. See *Powell v. City of Snellville*, 275 Ga. 207 (563 SE2d 860) (2002).[5]

2. As stated earlier, the Congregation sought the issuance of a use permit that would allow the Congregation to use as a place of worship a structure located in an area zoned R-2 Residential. The Zoning Resolution of Fulton County (FCZR) allows places of worship to be located in residential zoning pursuant to the approval of a use permit (FCZR §§ 19.2.3, 19.4.10), and provides that the Board of Commissioners "may exercise limited discretion in evaluating the site proposed for a use which requires a use permit." In exercising such discretion pertaining to the subject use, the Board is authorized

---

[4] In *City of Atlanta v. Wansley Moving &c. Co.*, 245 Ga. 794 (1) (267 SE2d 234) (1980), this Court held that "in the absence of provision in the zoning ordinance prescribing the means of judicial review, mandamus is a proper remedy for reviewing the denial of conditional and special use permits." In *Shockley v. Fayette County*, 260 Ga. 489, 491 (396 SE2d 883) (1990), this Court noted that a property owner travels to superior court by writ of mandamus when a request for variance is denied and the local zoning ordinance does not provide a means of appeal.

[5] Since the Congregation filed in superior court a direct appeal from the county commission's decision on the zoning matter as well as a petition for mandamus concerning the commission's zoning decision, we need not resolve whether the local ordinance provides for a direct appeal to superior court from commission zoning decisions and, if so, whether the local government is authorized to assign jurisdiction to the superior court. See *Walton County v. Scenic Hills Estates*, 261 Ga. 94 (401 SE2d 513) (1991), where this Court noted that a local zoning authority cannot create a direct appeal of a zoning decision to superior court without the General Assembly's express authorization.

to consider eleven general factors listed in FCZR § 19.1 and four factors specific to places of worship, found in FCZR § 19.4.10.[6]

When reviewing a local governing body's zoning decision, the superior court applies the "any evidence" standard of review. *Emory Univ. v. Levitas*, 260 Ga. 894 (1) (401 SE2d 691) (1991). Where the decision to grant or deny an application for a special use permit lies within the discretion of the local governing body,[7] a disappointed applicant who seeks mandamus relief from the superior court must show that the local governing body's denial of the special use permit constituted a gross abuse of discretion. *Gwinnett County v. Ehler Enterprises*, supra, 270 Ga. 570 (1). In the appellate courts, the standard of review in either case is whether there is any evidence supporting the decision of the local governing body, not whether there is any evidence supporting the decision of the superior court. Id., 270 Ga. 570 (mandamus); *Emory Univ. v. Levitas*, supra, 260 Ga. at 896 (administrative review).

The compatibility of the proposed use with that of surrounding land use is one of the factors the Board of Commissioners was authorized to consider in the exercise of its limited discretion to evaluate the site proposed for a use that requires a use permit. FCZR § 19.1 (11). The transcript of the county commissioners' discussion on the proposed use permit establishes that a commissioner whose position prevailed was opposed to introducing an "institutional" use to the west side of Highpoint Road south of Greenland Road, which area was used for single-family residences. A representative of the neighborhood civic association said any change in use threatened the stability of the neighborhood, noting the increased density developments that followed the introduction of institutional uses on the east side of Highpoint Road. Since the record contains evidence support-

---

[6] The eleven general factors are: "(1) Whether the proposed use is consistent with the land use or economic development plans adopted by the Board of Commissioners; (2) Whether the proposed use violates statute, ordinance, or regulations governing land development . . . ; (3) The effect of the proposed activity on traffic flow along adjoining streets; (4) The location of off-street parking; (5) The number, size and type of signs proposed for the site; (6) The amount and location of open space; (7) Protective screening; (8) Hours and manner of operation of the proposed use; (9) Outdoor lighting; (10) Ingress and egress to the property; (11) Compatibility with surrounding land use." The four specific factors for a place of worship use permit are: "(1) All building and use areas/structures other than parking and pedestrian walkways shall be located at least 100 feet from any adjoining residential district . . . used for single-family; (2) No parking shall be located within the minimum front yard setback; (3) Any associated day care centers . . . or other uses requiring a use permit . . . shall be allowed only under a separate approved use permit . . . ; (4) The minimum buffers and landscape strips required for the O-I zoning district . . . shall be required."

[7] A local ordinance that sets out criteria containing "subjective aspects" that must be satisfied before a special use permit may issue is one that requires the local governing body to exercise discretion. See *City of Alpharetta v. Estate of Sims*, 272 Ga. 680 (533 SE2d 692) (2000).

ing the decision of the Board of Commissioners, we must reverse the trial court. *City of Alpharetta v. Estate of Sims*, 272 Ga. 680 (533 SE2d 692) (2000); *Gwinnett County v. Ehler Enterprises*, supra, 270 Ga. 570; *Dougherty County v. Webb*, 256 Ga. 474 (350 SE2d 457) (1986).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 15, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Overtis H. Brantley, Larry W. Ramsey, Jr., Renee M. L'Eplattenier*, for appellants.

*Wilson, Brock & Irby, Richard W. Wilson, Jr., Kelly M. Fitzgerald*, for appellee.