S05A1653. JACKSON COUNTY et al. v. EARTH RESOURCES, INC.
(627 SE2d 569)

HINES, Justice.

Earth Resources, Inc. ("Earth Resources") applied for a conditional use permit to develop 94.48 acres of real property as a construction and demolition landfill. The application was twice presented in public hearings before the Jackson County Planning Commission, during which the Commission heard from the county planning and zoning staff, other governmental personnel, Earth Resources, and citizens. After each hearing, the Planning Commission recommended to the Jackson County Board of Commissioners ("Board") that the special use permit be denied.[1]

---

[1] After the first Planning Commission recommendation, the Board held a hearing, and referred the application back to the Planning Commission.

After the Board's final public hearing,[2] it denied the application. Earth Resources sought a writ of mandamus to require the Board to issue the permit. On January 14, 2004, the superior court granted certain relief, concluding that there is "a clear right to have all relevant evidence considered by the Board of Commissioners," and for the Board to fail to do so constituted a "gross abuse of discretion." The court ordered the Board to reconsider the application, to consider all relevant facts before it, and to state upon what evidence it relied in "either granting or denying" the application.

Both Earth Resources and the Board moved for clarification of the order. Earth Resources subsequently moved the superior court to: (1) find the Board in civil and criminal contempt; and (2) modify its order of January 14, 2004 so as to order the Board to grant the conditional use permit. On consideration of this motion, the court found that Earth Resources had "presented unrefuted expert testimony that it had met all criteria for the issuance of a special use permit," and ordered the Board to issue the permit.[3] This Court then granted Jackson County's application for a discretionary appeal.

"Mandamus will issue against a public officer under two circumstances: (1) where there is a clear legal right to the relief sought, [cit.], and (2) where there has been a gross abuse of discretion. [Cit.]" *City of Atlanta v. Wansley Moving & Storage Co.*, 245 Ga. 794, 796 (2) (267 SE2d 234) (1980). See also *Gwinnett County v. Ehler Enterprises*, 270 Ga. 570 (1) (512 SE2d 239) (1999). Contrary to Earth Resources's argument, the Jackson County Zoning Ordinance does not provide that a special use permit must issue as a matter of right if each provision of a set of criteria is met.[4] Rather, the ordinance sets forth guidelines to follow and minimum requirements to meet, but clearly leaves the Board with discretion.[5] As the Board's decision was discretionary, the superior court's grant of the writ of mandamus was proper only if the denial of the permit was a gross abuse of discretion. *Gwinnett County v. Ehler Enterprises*, supra.

---

[2] At both hearings, the Board heard presentations from essentially the same entities who made presentations to the Planning Commission.

[3] In this order, the court stated that it did not find the Board in contempt. The Board later moved for supersedeas of the order, which the superior court granted.

[4] The process of obtaining a special use permit is governed by several sections of the Jackson County Zoning Ordinance.

[5] For instance, Jackson County Zoning Ordinance § 13.60 states that a conditional use permit "is designed to be used when . . . [t]he conditional use would be consistent with the needs of the neighborhood or the community as a whole, be compatible with the neighborhood and would not be in conflict with the overall objective of the comprehensive plan." The issuance of a permit is dependent upon meeting certain "requirements set forth" in the ordinance and "any additional conditions deemed necessary to ensure the compatibility of the conditional use with the surrounding properties." Id.

"When reviewing a local governing body's zoning decision, the superior court applies the 'any evidence' standard of review. [Cit.]" *Fulton County v. Congregation of Anshei Chesed*, 275 Ga. 856, 859 (2) (572 SE2d 530) (2002). "In the appellate courts, the standard of review . . . is whether there is any evidence supporting the decision of the local governing body, not whether there is any evidence supporting the decision of the superior court." Id.

In its order of January 14, 2004, the superior court stated that those who addressed the Board in opposition to the landfill "spoke out of a general aversion to landfills in the area. The opponents to the proposed landfill did not present any expert opinions in support of their position." In its second order, the court stated that Earth Resources "presented unrefuted expert testimony" concerning the appropriateness of a special use permit. But, it is not the law that only expert opinions could be presented to, and considered by, the Board, nor is the superior court to weigh the evidence before it; the question is whether there was any evidence before the Board to support its decision.

Earth Resources urges that the only facts presented in opposition to its application were "generalized fears" concerning landfills, insufficient to rebut the evidence it presented in support of its application. See *Fulton County v. Bartenfeld*, 257 Ga. 766, 771 (3) (363 SE2d 555) (1988). But, the facts placed before the Board when it made its final decision represented more than merely "generalized fears"; very specific concerns were raised as to truck traffic and other issues. Officials of two nearby towns spoke about the negative impact of truck traffic[6] to and from the site of the landfill, as did residents near the site. Additionally, it was noted by the County's planning staff that the project was not consistent with the Comprehensive Land Use Plan, which called for mid-density residential use; a certified real estate appraiser opined as to the negative effect on surrounding land values; and Earth Resources's representations concerning the potential for groundwater contamination were rebutted.

As the record supported the Board's decision to deny the special use permit, the superior court erred in ordering that the Board issue it.

*Judgment reversed. All the Justices concur.*

---

[6] An engineer who addressed the Commission on behalf of Earth Resources stated that there would be 100 truck trips a day over the local roads as a result of the landfill.

DECIDED MARCH 13, 2006 —
RECONSIDERATION DENIED APRIL 13, 2006.

*Hulsey, Oliver & Mahar, Julius M. Hulsey*, for appellants.
*Lovett, Cowart & Ayerbe, L. Robert Lovett, McNatt & Greene, Hugh B. McNatt*, for appellee.
*James F. Grubiak*, amicus curiae.