S07A0214. CITY OF ROSWELL et al. v. FELLOWSHIP CHRISTIAN SCHOOL, INC.
(642 SE2d 824)

CARLEY, Justice.

Fellowship Christian School (FCS) applied to the City of Roswell (City) for a conditional use permit (Permit) to construct several new buildings, including a 1500-seat football stadium. A number of residents in the adjoining neighborhoods opposed the Permit. Although FCS agreed to various conditions to alleviate the impact of the project, the residents continued to object. However, the planning commission recommended approval over the opposition. After considering the evidence, the mayor and City Council did approve the Permit, but without the stadium.

FCS filed a petition for a writ of mandamus, naming the City, the mayor and the members of the City Council (Appellants) as defendants. The complaint alleged that the decision to disallow the stadium was arbitrary, capricious, a gross abuse of discretion and a violation of both federal and state guarantees of equal protection. The trial court found in favor of FCS on all grounds, and Appellants applied for a discretionary appeal. We granted the application in order to determine whether the trial court erred in granting relief to FCS.

1. "Mandamus will issue against a public official only where the petitioner has demonstrated a clear legal right to relief or a gross abuse of discretion. [Cit.]" *Gwinnett County v. Ehler Enterprises*, 270

---

Ga. 570 (1) (512 SE2d 239) (1999). These are alternative standards, and which of them applies depends upon the terms of the controlling ordinance. *Jackson County v. Earth Resources*, 280 Ga. 389, 390 (627 SE2d 569) (2006); *Eason v. Dowdy*, 219 Ga. 555, 556 (134 SE2d 788) (1964). Here, the City's ordinance gives Appellants discretion in acting on an application for issuance of a Permit, rather than mandating approval of FCS's application as a matter of right. See *Jackson County v. Earth Resources*, supra. "As [Appellants'] decision was discretionary, the superior court's grant of the writ of mandamus was proper only if the denial of the [P]ermit was a gross abuse of discretion. [Cit.]" *Jackson County v. Earth Resources*, supra. If there was "any evidence" to support the denial of FCS's application, Appellants did not grossly abuse their discretion, and the superior court erred in weighing the evidence to reach the contrary decision. *Jackson County v. Earth Resources*, supra at 391.

On appeal, the issue is "not whether there is any evidence supporting the decision of the superior court. [Cits.]" *Fulton County v. Congregation of Anshei Chesed*, 275 Ga. 856, 859 (2) (572 SE2d 530) (2002). Instead, "[i]n the appellate courts, the standard of review . . . is whether there is any evidence supporting the decision of the local governing body . . . ." *Fulton County v. Congregation of Anshei Chesed*, supra. "This is an important distinction. By focusing on whether the . . . decision is supported by any evidence, we recognize that zoning is a legislative and not [a] judicial function. [Cits.]" *Gwinnett County v. Ehler Enterprises*, supra. Thus, this Court, like the superior court, "is bound by the facts presented to [Appellants] [cit.] and thus [our] obligation is to review the sufficiency of the evidence before [them], but not to reweigh that evidence." *Gwinnett County v. Ehler Enterprises*, supra.

> Whether denominated as special approval, special exception, special permit or conditional use, this zoning technique "was developed as a means of providing for types of land use which are necessary and desirable, but which are potentially incompatible with uses usually allowed in the particular district." [Cit.] All "involve a special use authorized by the existing zoning ordinance . . . , but the ordinance provides that such uses shall be allowed only upon the condition that it be approved by the appropriate governmental body." [Cit.] This zoning device allows the local governing body to anticipate proposed future land uses potentially in conflict with existing permitted uses, and affords the flexibility of permitting the proposed use upon compliance with conditions set out in the ordinance, or in the discretion of the local governing body. [Cits.]

*Dougherty County v. Webb*, 256 Ga. 474, 475 (1) (350 SE2d 457) (1986). One of the factors that Appellants were authorized to consider in determining whether FCS's proposal was incompatible with the existing zoning, is the impact that it would have on traffic in the area. See OCGA § 36-67-3 (4). The only part of the plan that failed to gain discretionary approval was the stadium. As to that element, the evidence shows that there were already two stadiums at other high schools within one mile of FCS's property, and FCS's own traffic study noted that

> [w]ith each school having varsity football programs, which typically compete on Friday evenings from mid-August to early December, there is potential for multiple athletic events occurring along Woodstock Road/King Road. One athletic event typically generates enough traffic to temporarily gridlock a system. Two or three simultaneous events occurring along a two-lane road would certainly create capacity constraints immediately following a football game. However, it is impractical to design a roadway system to accommodate such an isolated peak.

Thus, based upon FCS's own evidence, Appellants were authorized to find that the proposed stadium would add to the already existing adverse traffic conditions in the area, and that there were no practical remedial measures that could be taken to counteract that negative consequence. Traffic congestion is valid ground for denying a permit. *Galfas v. Ailor*, 81 Ga. App. 13 (57 SE2d 834) (1950). Compare *Rogers v. Mayor &c. of the City of Atlanta*, 110 Ga. App. 114, 117 (2) (137 SE2d 668) (1964) (no evidence that proposed church would contribute to an existing traffic problem).

Neither the superior court nor this Court has any discretion to exercise in connection with FCS's application for a Permit. Whether to approve or to deny that application was addressed solely to the exercise of Appellants' sound discretion in accordance with the factors enumerated in the ordinance. There was evidence to support the decision to deny the Permit based upon the negative impact the stadium would have on traffic in the area. Thus, as in *City of Alpharetta v. Estate of C. R. Sims*, 272 Ga. 680, 682 (533 SE2d 692) (2000), "we cannot conclude that the denial of the conditional use permit [as to the stadium] was unsupported by the evidence so as to constitute an abuse of [Appellants'] discretion. [Cit.] Accordingly, we must reverse the trial court."

2. Where, as here, a suspect class is not involved, a local government may not treat similarly situated applicants differently unless there is a rational basis for that treatment. *Morgan County Bd. of*

*Commissioners v. Mealor*, 280 Ga. 241, 243 (2) (626 SE2d 79) (2006). However, the location of two other pre-existing facilities in the immediate area is a factor which Appellants could consider in determining whether FCS's application for yet another stadium could have an adverse impact on the health, safety or general welfare of the public. See *Flournoy v. City of Brunswick*, 248 Ga. 573, 574 (285 SE2d 16) (1981). As previously noted, traffic congestion is a valid consideration in the exercise of the regulation of land use. Thus, the evidence that FCS's proposed stadium would exacerbate an already existing traffic problem in the area is a rational basis for the denial of the application for the Permit. "Preserving the character of an existing neighborhood is a legitimate purpose of zoning and planning. [Cit.]" *Dover v. City of Jackson*, 246 Ga. App. 524, 529 (2) (b) (541 SE2d 92) (2000). "The fact that there already exist [two stadiums in] this neighborhood is a good reason for [Appellants] to watch and regulate this neighborhood carefully in order to preserve its integrity." *Flournoy v. City of Brunswick*, supra. Thus,

> even if [FCS] had shown it was similarly situated with other property owners whose . . . applications were granted, [FCS] has failed to show that [Appellants'] decision was not rationally related to a legitimate government interest. [Cit.]

*Dover v. City of Jackson*, supra at 528 (2) (b). The superior court erred in finding that FCS had a viable equal protection claim based upon denial of its application to build the stadium.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 26, 2007.

*Robert J. Hulsey, David B. Davidson*, for appellants.
*Simon H. Bloom, Powell Goldstein, Theresa B. Sirois*, for appellee.