## S08A1395. STENDAHL et al. v. COBB COUNTY et al.

(668 SE2d 723)

BENHAM, Justice.

Appellants Teresa Stendahl and Timothy Cannon own property adjacent to a 65-acre parcel re-zoned by appellee Cobb County Board of Commissioners ("the Board") on the application of appellees Johnson Ferry Baptist Church and Wellstar Health System. Within 30 days of the re-zoning decision, appellants filed an action in the Superior Court of Cobb County in which they appealed the re-zoning decision pursuant to the Cobb County zoning ordinance, alleging the re-zoning decision violated the Cobb County zoning ordinance and the Board's minutes inaccurately reflected the action taken on the re-zoning application. In addition, they sought a declaration that the re-zoning decision was unconstitutional and a writ of mandamus to reverse the re-zoning decision and to deny the re-zoning application. Attached to the complaint were 136 pages of documents which had been filed with the application for re-zoning or introduced in support of or against the application while it was pending before the Board. On appellees' motions, the trial court dismissed appellants' complaint for failure to state a claim upon which relief could be granted and for failure to join as defendants the owners of the re-zoned property who the trial court found to be indispensable parties. OCGA §§ 9-11-12 (b) (6)-(7); 9-11-19. We granted the application for discretionary review filed by appellants Stendahl and Cannon to review the trial court's ruling.[1]

1. A motion to dismiss for failure to state a claim upon which relief can be granted

should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

---

[1] We exercised appellate jurisdiction over the application for discretionary appeal and the resulting appeal because the complaint dismissed by the trial court sought mandamus, an extraordinary remedy that falls within this Court's general appellate jurisdiction. 1983 Ga. Const., Art. VI, Sec. VI, Par. III (5). See *Mid-Ga. Environmental Mgmt. Group. v. Meriwether County*, 277 Ga. 670 (1) (594 SE2d 344) (2004).

*Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72 (1) (656 SE2d 820) (2008).

In order to have a superior court invalidate the re-zoned classification of a neighboring property, the complaining party must show the zoning change abridged the complaining party's constitutional rights, the re-zoning decision was the result of fraud or corruption, or the re-zoning power was manifestly abused to the oppression of the complaining party. *Cross v. Hall County*, 238 Ga. 709, 711-712 (235 SE2d 379) (1977). After examining the complaint and the documents attached to it,[2] the trial court observed that the complaint contained no allegations of fraud or corruption and determined that the allegations for reversal of the zoning decision did not and could not rise to the level of demonstrating that the Board's re-zoning decision resulted from a manifest abuse of discretion, fraud, or corruption, and that any evidence appellants produced at trial would, at most, only conflict with the evidence supporting the re-zoning decision. Employing the "any evidence" standard of review, the trial court determined that, as a matter of law, such conflicting evidence would be insufficient to overturn the zoning decision, that there was no set of provable facts asserted in appellants' claims which would entitle them to relief, and that there was no evidence appellants could introduce sufficient to warrant overturning the zoning decision. The trial court concluded by granting the motion to dismiss for failure to state a claim.

When a zoning authority either grants or denies an application for re-zoning, it acts in a legislative capacity, and when the constitutionality of that legislative enactment is challenged in court, it is afforded de novo review, i.e., the superior court is not limited to examination of the evidence presented to the zoning authority. *Mayor &c. of Savannah v. Rauers*, 253 Ga. 675 (1) (324 SE2d 173) (1985). Judicial review of the grant or denial of a re-zoning application is a de novo proceeding because the General Assembly has not provided a statutory mechanism for the direct appeal to superior court of the zoning decisions of local governing authorities. *Cobb County Bd. of Commrs. v. Poss*, 257 Ga. 393 (4) (359 SE2d 900) (1987). See also *Walton County v. Scenic Hills Estates*, 261 Ga. 94, 95 (401 SE2d 513) (1991) (Zoning Procedures Law, OCGA § 36-66-1 et seq., does not grant local governments the right to create direct appeal of zoning decisions to superior court). In the de novo

---

[2] "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes" (OCGA § 9-11-10 (c)) and, if incorporated into the pleadings, may be considered when deciding a motion to dismiss for failure to state a claim without converting the motion into one for summary judgment. *Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005); *Bakhtiarnejad v. Cox Enterprises*, 247 Ga. App. 205, 208 (541 SE2d 33) (2000).

proceeding, plaintiffs/appellants may introduce new evidence, including expert testimony. *RCG Properties v. City of Atlanta Bd. of Zoning Adjustment*, 260 Ga. App. 355 (1) (579 SE2d 782) (2003). Because appellants are entitled to de novo review, the trial court erred when it granted the motion to dismiss for failure to state a claim after applying the "any evidence" standard to the contents of the administrative record attached to the complaint and concluding there was no set of provable facts asserted in appellants' claims which would entitle them to relief as well as concluding there was no evidence appellants could introduce sufficient to warrant overturning the zoning decision. The trial court's reliance on our decisions in *Jackson County v. Earth Resources*, 280 Ga. 389, 391 (627 SE2d 569) (2006), and *City of Roswell v. Fellowship Christian School*, 281 Ga. 767 (642 SE2d 824) (2007), regarding the applicable standard of review was misplaced inasmuch as those cases did not involve the modification of a zoning ordinance, but were appeals involving a conditional use permit, a zoning technique that permits a local governing authority to exercise its discretion and permit a special use authorized by the existing zoning ordinance. *Dougherty County v. Webb*, 256 Ga. 474 (1) (350 SE2d 457) (1986).

2. The trial court also dismissed the action filed in superior court for appellants' failure to join indispensable parties. See OCGA §§ 9-11-12 (b) (7); 19-11-19.[3]

In their action, appellants named as defendants Cobb County and its Board of Commissioners, the individual commissioners, and the two re-zoning applicants (Johnson Ferry Baptist Church and Wellstar Health System). It is clear that the governing authority with the power to re-zone property and the successful re-zoning applicant are proper defendants in a suit attacking the grant of a re-zoning application. *Riverhill Comm. Assn. v. Cobb County Bd. of Commrs.*, 236 Ga. 856 (2) (226 SE2d 54) (1976). The trial court ruled that the three owners of the re-zoned property with whom Johnson Ferry and Wellstar had contracted to purchase the property, were necessary defendants because they were real parties in interest since the zoning classification ran with the land and not with the applicants for re-zoning. The trial court determined that appellants were put on notice of the failure to join indispensable parties by appellees' responsive pleadings and the motion to dismiss, and that appellants had failed to obtain or request leave of court to add the property owners as defendants. The trial court found that appellants could

---

[3] "[A] dismissal for failure to add an indispensable party is not an adjudication on the merits and is a sanction by the court in abatement to compel compliance with the court's order. [OCGA § 9-11-41 (b).]" Davis & Shulman's Georgia Practice and Procedure, § 9:6, p. 490 (2007 ed.).

not justify their failure to include the property owners as defendants from the onset of the litigation, that any amendment to now include the owners as defendants would be outside the relevant 30-day statute of limitation within which the appeal to superior court had to be filed, and that the inclusion of the owners at this point could not relate back to the time of the filing of the original complaint. Consequently, the trial court dismissed the complaint for failure to join indispensable parties.

> A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded among those who are already parties; or (2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest; or (B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

OCGA § 9-11-19 (a).

> [T]he primary consideration concerning joinder or nonjoinder . . . is whether any judgment that might be rendered will be adequate in the absence of the parties sought to be joined. If there are no "compelling reasons" for joinder of the third parties, then they are not indispensable to the action, and it is not "necessary" . . . to join them as parties defendant for a just adjudication of the merits of the action between the original parties.

*Peoples Bank v. North Carolina Nat. Bank*, 230 Ga. 389, 392 (197 SE2d 352) (1973). "In determining if a party is indispensable, it is essential to consider whether relief can be afforded the plaintiff without the presence of the other party, and whether the case can be decided on its merits without prejudicing the rights of the other party. [Cit.]" *Hall v. Trubey*, 269 Ga. 197 (2) (498 SE2d 258) (1998).

While the trial court was correct in its observation that the new zoning designation runs with the land and is not personal to the applicants who obtained it, it does not necessarily follow that the owners of the property are indispensable parties for purposes of an appeal from the grant of the re-zoning application. When the owner of the property for which re-zoning is sought is not the applicant for re-zoning but has entered into a contract for the sale of the property with the re-zoning applicant, which contract is contingent upon the

applicant obtaining re-zoning, the owner does not fit within the definition of "indispensable party" because the case could be decided on its merits without prejudicing the rights of the owners since the re-zoning applicant is a party and presents a thorough case on behalf of itself and, ultimately, the owner. See *Guhl v. Tuggle*, 242 Ga. 412, 414 (1) (249 SE2d 219) (1978) (county not harmed by failure of property owners to name it as a party in a suit seeking to have zoning declared unconstitutional since the members of the county's zoning and governing authority were parties and a vigorous defense was presented on their behalf). See also *Judd v. Valdosta/Lowndes County Zoning Bd. of Appeals*, 147 Ga. App. 128 (2) (248 SE2d 196) (1978) (where applicant to whom a special exception was granted was named as a defendant in the appeal in superior court from the ZBA's action, the property owner was not an indispensable party and the trial court erred in dismissing the appeal for failure to join an indispensable party).

Because the property owners are not indispensable parties to the lawsuit seeking reversal of the grant of the re-zoning application, the trial court erred when it ruled that the property owners were indispensable parties and dismissed the complaint for failure to join them as indispensable parties.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*Weissman, Nowack, Curry & Wilco, Raymond K. Williams*, for appellants.

*Bentley, Bentley & Bentley, Fred D. Bentley, Jr., Coleen D. Hosack, Moore, Ingram, Johnson & Steele, John H. Moore, J. Kevin Moore*, for appellees.