**FIRST DIVISION
DOYLE, C. J.,
ANDREWS, P. J. and MILLER, P. J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 15, 2016**

# In the Court of Appeals of Georgia

A16A0912. O'NEAL v. CRAWFORD COUNTY, GEORGIA.        DO-037

DOYLE, Chief Judge.

Crawford County Coroner David Allen O'Neal filed a declaratory judgment/mandamus action against Crawford County ("the County"). After granting summary judgment to the County, the trial court assessed attorney fees against O'Neal and his counsel pursuant to OCGA § 9-15-14 (a) and (b), awarding the County not only its attorneys' fees and expenses, but also requiring that O'Neal and his counsel repay the attorney fees he incurred and that were paid directly to his attorney by the County on his behalf. In this discretionary appeal, O'Neal argues that

the trial court erred by requiring him to repay the County for the sums it paid to his attorney.[1] For the reasons that follow, we reverse in part and affirm in part.

O'Neal is the long-time coroner for the County. The record shows that in 2013, he requested the County to increase his budget to allow for a County owned vehicle,[2] nicer office accommodations "as any other elected official," and home internet and phone service. The County took his requests under advisement and in April, 2014, O'Neal formally requested the County approve funding of an independent attorney as he was considering bringing a cause of action against the County. The Board of Commissioners voted to approve his request for "funding of an independent attorney."[3] , and paid O'Neal's legal fees directly to his attorney.

---

[1] In his appellate brief, O'Neal also argues that the fee award in favor of the County for its attorneys' fees and expenses of litigation it incurred should be reversed. But for the reasons set forth in Division 1, we decline to address the issue.

[2] O'Neal stated a "Cadillac would be nice."

[3] According to the County Board of Commissioner's minutes, O'Neal "formally requested the [Board] to approve funding of an independent attorney, as he considered bringing a 'cause of action' against the Board. . . . [The] County Attorney . . . stated that the law was clear regarding action between County Officers and that in this instance the County Attorney had an absolute conflict of interest and that each side would need independent couns[e]l. . . . After some discussion[, a Board member] made the motion to approve the request[, which motion was] seconded[,] and the motion carried 5-0."

2

O'Neal then filed his petition for declaratory judgment, a writ of mandamus, injunctive relief, and judicial review, seeking to compel the County to provide him with certain items, including contingent expenses, a vehicle, a secure office, and internet, telephone, and fax services at his home, citing a local act.[4] The County moved for summary judgment, and the trial court granted the motion as to all counts, finding that O'Neal's petition was "meritless and frivolous." In its order, the trial court noted that "[m]andamus will issue against a public official only where a petitioner has demonstrated a clear legal right to relief or a gross abuse of discretion."[5] Because the County was vested with discretion in providing any supplies, the trial court found that O'Neal could prove neither a clear legal right nor an abuse of discretion. The court also found that O'Neal improperly brought the action against the County rather than its individual Board members. Further, the court castigated O'Neal for his "utter fail[ure]" to respond to the motion for summary

---

[4] House Bill 685 provides in relevant part that the County must furnish to the Coroner, in its "sole discretion," "[a]ll supplies, materials, furnishings, furniture, utilities, and equipment . . . as may be reasonably required in discharging the official duties. . . ." Ga. L. 2015, p. 4199, § 2.

[5] (Punctuation omitted.) *City of Roswell v. Fellowship Christian School*, 281 Ga. 767, 767 (1) (642 SE2d 824) (2007).

3

judgment or to submit admissible evidence to prove his case, and it invited the County to seek attorney fees and costs as authorized by OCGA § 9-15-14.

Accepting the trial court's invitation, the County moved for attorney fees under OCGA § 9-15-14 (a) and (b), seeking payment of its own attorney fees and to recoup the payments it made to O'Neal's attorney. Following a hearing, the trial court entered a lengthy order requiring O'Neal to pay $106,670.68 in attorney fees pursuant to OCGA § 9-15-14 (a) and (b), including $36,183 to reimburse the County for money it paid to O'Neal's attorney.[6] The trial court noted that permitting the recoupment of such attorney fees as an expense of litigation was "a question of first impression," but concluded that such an interpretation was consonant with the purpose of OCGA § 9-15-14 to punish or deter and also to recompense litigants.

O'Neal filed an application for discretionary review of the trial court's ruling permitting the County to recoup the money it paid to O'Neal's attorney. This Court granted the application, and this appeal followed.

1. In his appellate brief, O'Neal challenges the entire $106,670.68 attorney fee award, including both the portion the County paid for its own attorneys and that portion it paid directly to O'Neal's attorney. In his application for discretionary

_____

[6] The award was entered against O'Neal "and his attorney, jointly and severally."

4

review, however, O'Neal challenged only that portion of the award permitting the County to recoup the fees paid to his attorney. In discretionary appeals, review is "limited to the errors actually enumerated in the application."[7] Accordingly, we need address only that portion of the award requiring O'Neal to repay the County the attorney fees it paid directly to O'Neal's attorney.

We note, however, even if O'Neal had not waived his argument that the trial court erred by requiring him to pay the County for the fees it paid to its own attorneys, his argument is premised on a contention that the County entered into an agreement to pay its own attorney fees. Because he has failed to provide any proof in the record showing such an agreement, and the record supports the trial court's findings that O'Neal violated OCGA § 9-15-14 (a) and (b) and the fees and expenses incurred by the County were reasonable and necessary, this argument is without merit, and we affirm the trial court's grant of summary judgment as to the award to the County encompassing its own attorney fees and expenses.

2. O'Neal contends that the trial court erred by permitting the County to recoup the attorney fees it paid directly to his attorney because he and the County entered

---

[7] *Zekser v. Zekser*, 293 Ga. 366, 369 (2) (744 SE2d 698) (2013).

into an agreement that it would do so, citing *Rivergate Corp. v. McIntosh*[8] for the general principle that parties are free to contract about any subject matter, and courts will enforce the agreement as written unless it is prohibited by statute or public policy.[9] O'Neal is correct that parties are free to contract about any subject matter and agreements to pay for another's attorneys fees, and expenses of litigation are enforceable.[10] The County, however, vehemently denies that it entered into any contract to pay legal fees, contending there was no consideration for any such agreement, and thus no contract as a matter of law.

Pretermitting whether there was sufficient consideration to form a valid contract, however, the trial court improperly allowed the County to recoup attorney fees paid to O'Neal's attorney pursuant to County approval as an expense of litigation. OCGA § 9-15-14 provides in relevant part:

---

[8] 205 Ga. App. 189, 191-92 (421 SE2d 737) (1992).

[9] O'Neal also argues, for the first time on appeal, that any judgment against him would be paid from his coroner budget because he filed the lawsuit in his official rather than his individual capacity. This issue is not properly before us, however, because it was not litigated below, and it is beyond the scope of O'Neal's application.

[10] See *Cheeley Investments, L.P. v. Zambetti*, 332 Ga. App. 115, 116-119 (1) (770 SE2d 350) (2015).

(a) In any civil action in any court of record of this [S]tate, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

(b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious. . . .

Not all money expended because of litigation can be recovered, however.[11] Subsection (d) of OCGA § 9-15-14 provides that "[a]ttorney[] fees and expenses of litigation awarded under this Code section shall not exceed amounts which are reasonable and necessary for defending or asserting the rights of a party. . . ."

Here, the payments made to O'Neal's attorney were not necessary for defending or asserting *the County's rights* as required by OCGA § 9-15-14 (d).[12] Accordingly, we reverse that portion of the attorney fee award allocated to reimbursing the County for the sums it paid directly to O'Neal's attorney.

*Judgment affirmed in part and reversed in part. Andrews, P. J. and Miller, P. J., concur*.

---

[11] See e.g., *Bankston v. Warbington*, 319 Ga. App. 821, 823 (3) (738 SE2d 656) (2013) (holding that "the purchase of airline tickets as a result of [a] visitation dispute . . . was not an expense of litigation recoverable in a sanction award pursuant to OCGA § 9-15-14 (b)").

[12] See id. We note that pursuant to *Gwinnett County v. Yates*, 265 Ga. 504, 508-509 (2) (458 SE2d 791) (1995), the County could have elected not to pay to retain independent counsel at the outset and would only have been forced to pay the fees as an expense of government operation if O'Neal was successful in asserting his position.